## Case No. 14,189.

### TROTT v. CITY INS. CO.

[1 Cliff. 439] [1]

Circuit Court, D. Maine.    April Term, 1860.

LIFE INSURANCE—AGREEMENT FOR REFERENCE—EFFECT OF—OUSTING JURISDICTION OF COURT.

1. A by-law which provides that any difference or dispute which may arise in relation to any loss sustained or alleged to be sustained by any person insured under a policy issued by an insurance company, shall be referred to and determined by certain referees; and in case any suit shall be commenced without such offer of reference, the claim of the party so commencing the suit shall be released and discharged, includes within the agreement for reference, not only the liquidation of the amount to be recovered, but also the question as to whether there has or not been any loss at all.

[Cited in Nurney v. Fireman's Fund Ins. Co., 63 Mich. 637, 30 N. W. 352.]

2. The effect of such a by-law, if it be valid, is to oust the courts of their jurisdiction.

[Cited in Guaranty Trust & S. D. Co. v. Green Cove Springs & M. R. Co., 139 U. S. 143, 11 Sup. Ct. 514.]

[Cited in German-American Ins. Co. v. Etherton, 25 Neb. 508, 41 N. W. 406.]

---

[2] [From 36 Leg. Int. 158.]

[1] [Reported by William Henry Clifford. Esq., and here reprinted by permission.]

3. Such a by-law is void.

[Cited in White v. Middlesex R. R., 135 Mass. 219; Whitney v. National Masonic Acc. Ass'n, 52 Minn. 385, 54 N. W. 185; Wood v. Humphrey, 114 Mass. 186.]

4. Where the effect of such a by-law is to prevent the insured party from coming into a court of law, even though made a part of the policy by express agreement, it cannot be supported.

Action of assumpsit on a policy of insurance. Insurance was effected on three-sixteenths of the bark Hellespont, in the City Insurance Company, for the sum of forty-one hundred and twenty-five dollars, for the period of one year from the 23d of December, 1857. The claim is for a total loss on the 3d of April following. Plea in abatement to the writ, setting forth that the writ was sued out upon a policy of insurance, to recover the amount of a loss alleged to have been sustained by the plaintiff [James H. Trott], within the terms of the policy, and that within the terms of the policy the by-laws passed by the company were made a part of the contract, to which the plaintiff had agreed to conform, and especially to the twentieth by-law, which was as follows: "In case any difference or dispute shall arise in relation to any loss sustained or alleged to be sustained, by any person insured under a policy issued by this company, the same shall be referred to and determined by referees, to be chosen mutually by the assured and the board of directors; and no holder of a policy shall be entitled to maintain any action thereon against the company until he shall have offered to submit his claim to such reference. In case any suit shall be commenced without such offer of reference having been made, the claim of the party so commencing shall be released and discharged, and the company released from any liability under it." Under this by-law, the defendants alleged in their plea, it was the duty of the plaintiff, mutually with the defendants, to have agreed upon and chosen referees to determine upon the difference and dispute; and having failed so to do, the defendants were released from any liability to answer to the suit, and moved that the writ be quashed. To the plea the plaintiff demurred. Defendants joined in the demurrer.

Anderson & Webb, for plaintiff, and in support of the demurrer.

Agreements to submit all disputes to arbitration cannot oust the courts of their jurisdiction. Kill v. Hollister, 1 Wils. 129; Thompson v. Charnock, 8 Term R. 139; Robinson v. George's Ins. Co., 17 Me. 131; Mitchell v. Harris, 2 Ves. Jr. 129; Tobey v. County of Bristol [Case No. 14,065]; 2 Story, Eq. Jur. § 1457; Street v. Rigby, 6 Ves. 815; 1 Story, Eq. Jur. § 670; Gray v. Wilson, 4 Watts, 39; Hill v. More, 40 Me. 515; 2 Pars. Mar. Law, 483; Nute v. Hamilton Ins. Co., 6 Gray, 174; Amesbury v. Bowditch Ins. Co., Id. 596; 2 Arn. Ins. 1245.

Shepley & Dana, for defendants, and in behalf of the plea.

The only question that arises under the pleadings is this: Can a suit be maintained for a loss under the policy, without a prior offer to submit the matter in dispute to arbitration? This is a mutual company, and plaintiff, as a member thereof, is bound by its by-laws. The current of modern decisions sets in favor of upholding agreements not to bring suit until an offer to refer has been first made. This is discussed in 2 Pars. Mar. Law, 484. See, in Russel v. Pellegrini, 38 Eng. Law & Eq. 101, remarks of Campbell, C. J.; Avery v. Scott, 8 Welsb., H. & G. 497. There is a distinction between a case where it is agreed no suit shall be brought and one where it is provided that before suit an offer to refer must be made. The offer to refer was, by the twentieth section of the by-laws, made a condition precedent to a suit. That part of the by-law discharging the company from all claim of loss where suit is brought without the previous offer to refer, is an independent contract, and does not affect the previous clause.

CLIFFORD, Circuit Justice. Both parties agree that the only question which arises in the case of any considerable importance is, whether a suit can be maintained by the plaintiff under the policy, without a prior offer on his part to submit his claim to arbitration. It is insisted by the defendants that the terms of the by-laws bar the right to sue in a case like the present, until the insured has offered to submit his claim to referees. That construction of the by-law is virtually conceded by the plaintiff, but he insists that the by-law, if such be its true construction, is invalid, because its effect is to oust the jurisdiction of the courts. Looking at the language of the provision, I am of the opinion that it is sufficiently comprehensive to sustain the views of the defendants. Omitting certain unimportant words, it provides, in effect, that any difference or dispute in relation to any loss sustained, or alleged to be sustained, shall be referred to and be determined by referees, to be chosen mutually by the assured and the board of directors, and that no holder of a policy shall be entitled to maintain any action thereon against the company until he shall have made the offer so to refer. Loss alleged is as much within the provision as a loss sustained, and if the provision be valid, it is indispensable that the plaintiff should both allege and prove the prior offer to submit his claim to referees. He must offer to refer as a condition precedent, no matter what the question in dispute is, else he cannot maintain any action on the policy. Obviously, therefore, it is a mistake to suppose that the by-law admits the loss, and looks only to the liquidation of the amount to be recovered. On the contrary, it is clear, I think, that the words, "or loss alleged to

be sustained," were intended to exclude that construction, and make it certain that no action should be maintained against the company until such prior offer had been made. Confirmation of this view, if any is needed, is derived from the subsequent clause of the same by-law, which provides that, in case any suit shall be commenced without such offer of reference having been made, the claim of the party so commencing such suit shall be released and discharged, and the company be released from any liability under it. Reference is made by the defendants to certain expressions and stipulations in the policy as tending to support a contrary construction; but I am of the opinion that they have no such tendency. Losses are to be paid in sixty days after proof and adjustment; and the policy provides, that if any dispute shall arise relating to a loss, it shall be submitted to the judgment and determination of arbitrators, mutually chosen, whose award in writing shall be conclusive and binding on all parties. Standing alone, that provision might give some countenance to the views of the defendants. Such, however, is not the fact, for the same instrument, in the next sentence but one, provides that, in case of loss, the same shall be adjusted and settled according to the twentieth section of the by-laws; and after declaring the by-laws to be a part of the contract of insurance, reads, "and these presents shall themselves be a sufficient bar against any suit commenced against the company, contrary to the true intent and meaning of the twentieth section of the by-laws." It is plain, therefore, that the twentieth section of the by-laws is adopted without restriction or modification, and consequently that it embraces any and every difference or dispute in relation to any loss sustained or alleged to be sustained by any person. Nothing, therefore, can be more certain than that the effect of the by-law, if it be valid, is to oust the jurisdiction of the courts. Every difference or dispute must be referred to and determined by referees; and the policy expressly provides that their award in writing shall be conclusive and binding on all the parties. To say that a suit may afterwards be brought upon the award is not a satisfactory answer to this objection. Having come to this conclusion, the only remaining inquiry is, whether the by-law is valid, and I am of the opinion that it is not. Judge Story, in the case of Tobey v. County of Bristol [Case No. 14,065], divided the cases upon this subject into two classes: one where an agreement to refer to arbitration was set up as a defence to a suit, either at law or in equity, and the other, where the party as plaintiff, sought to enforce such an agreement by a bill in equity, for a specific performance. Both classes, says the learned judge, have shared the same fate. Courts of justice have refused to allow the former as a bar or defence against the suit, and

have declined to enforce the latter as ill-founded in point of jurisdiction. Mr. Chitty adopts the rule laid down in Kill v. Hollister, 1 Wils. 129, that a clause in an agreement, that, if any dispute should arise, the matter in difference should be referred to arbitration, is no defence to an action. Chit. Cont. 792. Lord Kenyon said, in Thompson v. Charnock, 8 Term R. 140, it is not necessary now to say how this point ought to be determined if it were res integra, it having been decided again and again that an agreement to refer all matters in difference to arbitration is not sufficient to oust the courts of law or equity of their jurisdiction, and with the qualification admitted in Goldstone v. Osborn, 2 Car. & P. 550, the decisions in the English courts have been uniform to the same effect until within a very recent period. Tattersall v. Groote, 2 Bos. & P. 131; Mitchell v. Harris, 2 Ves. Jr. 129; Street v. Rigby, 6 Ves. 815; Wellington v. Mackintosh, 2 Atk. 569; Gourlay v. The Duke of Somerset, 19 Ves. 430; Milne v. Gratrix, 7 East, 608; Clapham v. Higham, 1 Bing. 87; King v. Joseph, 5 Taunt. 452. Similar views have also been held by the state courts in this country, in repeated instances. Robinson v. George's Ins. Co., 17 Me. 131; Gray v. Wilson, 4 Watts, 39; Hill v. More, 40 Me. 515; Allegre v. Maryland Ins. Co., 6 Har. & J. 408; Contee v. Dawson, 2 Bland. 264; Haggart v. Morgan, 4 Sandf. 198, 5 N. Y. 422; Nute v. Hamilton Ins. Co., 6 Gray, 174; Hall v. People's Ins. Co., Id. 185; Cobb v. New England Ins. Co., Id. 193. Amesbury v. Bowditch Ins. Co., Id. 596. Text-writers, both English and American, have long regarded it as a settled principle of law, that the parties to a contract cannot oust the jurisdiction of the courts by any agreement to submit the matters in difference to arbitration. 2 Arn. Ins. 1245; 2 Story, Eq. Jur. § 1457; 2 Pars. Mar. Law, 483. Many additional decisions and authorities might be added to this list, where the same unqualified doctrine is laid down and enforced, and I am not aware that the soundness of the rule established in the leading case has ever been questioned by an American court. No such case has been cited by the defendants, and it is believed that none such can be found. But it is insisted by the counsel for the defendants, that certain recent decisions in England have adopted a different rule upon the subject. Russel v. Pellegrini, 38 Eng. Law & Eq. 101; Avery v. Scott. 8 Welsb., H. & G. 497; Livingston v. Ralli. 5 El. & Bl. 132. Speaking of these cases, Thomas, J., says, in Cobb v. New England Ins. Co., 6 Gray, 193. they may possibly lead to some revision and qualification of the doctrine as heretofore understood. Nothing was decided in the case of Russel v. Pellegrini which warrants any such inference as is attempted to be drawn from it. Suit was brought in that case by a ship-owner upon a charter-party, which contained a clause that all matters in difference should be referred to arbitration. Damages for the unseaworthiness of the ship were claimed by the charterer, but the ship-owner refused to refer that claim, and brought an action for the agreed freight. After the suit was entered in court, the defendant obtained a rule under the common-law procedure act,. calling upon the plaintiff to show cause why all further proceedings in the action should not be stayed, and the rule was made absolute; the court holding that the respective claims were in the nature of cross-demands, that it was intended should be referred within the eleventh section of that act. Lord Campbell admitted that, when a cause of action has arisen, the courts cannot be ousted of their jurisdiction, but added, that parties may come to an agreement that there shall be no cause of action until their differences have been referred to arbitration. Suppose that to be so, still the principle cannot affect the decision in this case, because no such agreement was made by the parties, as has already sufficiently appeared. Reference is also made to the case of Livingston v. Ralli, but it decides nothing which is immediately applicable to this case. It was an action to recover damages for a breach of an agreement to refer, alleging readiness on the part of the plaintiff, and a refusal on the part of the defendant; and the court, contrary to the case of Tattersall v. Groote, 2 Bos. & P. 131, held that the action lay. On that occasion, the court took a distinction between the case where the defendant relies on such an agreement as a defence, and a case where the plaintiff seeks damages for not fulfilling the agreement. There is not a word in the case, however, inconsistent with the established doctrine, that no such agreement can oust the jurisdiction of the courts in a case where the loss is not admitted. All things considered, I am of the opinion that the true rule is stated by Coleridge, J., in Avery v. Scott. 8 Welsb., H. & G. 497. overruling Scott v. Avery, Id. 487, in the same volume. He says there is no dispute as to the principle. Both sides admit that it is not unlawful for parties to agree to impose a condition precedent, with respect to the mode of settling the amount of damage, or the time for payment, or any matters of that kind which do not go to the root of the action. On the other hand, it is conceded that any agreement which is to prevent the suffering party from coming into a court of law, or, in other words, which ousts the courts of their jurisdiction, cannot be supported. That qualification to the general doctrine, as stated in the earlier cases, was admitted in Hill v. Moore, 40 Me. 515; and I am inclined to think it is one that ought to be sustained. But the present case is not within that qualification, and consequently the demurrer is sustained, and the plea adjudged bad.