## LEACH v. REPUBLIC FIRE INSURANCE COMPANY.

A misstatement by the assured, in a policy of insurance, of his interest in the property insured, unaccompanied by fraud, will not avoid the policy.

Knowledge by the insurer's agent, at the time of the insurance, of the true state of the title, is a waiver of the condition in the policy making an inaccurate statement of title a ground for avoiding it.

An over-valuation of property destroyed, made under oath by the assured and through carelessness and inattention to the subject, but which by due attention could not have been honestly made, though not to defraud the company, is a ground of forfeiture, for fraud and false swearing, of all claim under the policy.

Limitation of time in a policy of insurance within which a suit may be brought is not binding on the assured when the limitation is made to depend on a condition which either party may defeat.

ASSUMPSIT, on a policy of insurance against fire. Facts found by a referee. The plaintiff had an estate for the life of another in the buildings insured, but, contrary to the provisions of the policy requiring an accurate statement of title, the interest of the plaintiff was described as entire ownership of the property. There was no fraud in making the statement, and the defendants' agent knew the actual state of the title.

A condition of the policy was, that all fraud or attempt at fraud, by false swearing or otherwise, should cause a forfeiture of the claim under the policy. The plaintiff, in his sworn proof of loss, estimated the value of his interest in the house destroyed at fifteen hundred dollars. The actual value was six hundred dollars. The plaintiff did not intend to defraud the company by his false estimate, but it was much higher than he could have honestly made it if he had given the subject any attention. The policy contained stipulations that differences about the amount of loss should be determined by impartial

arbitration, and that no suit should be maintained until after an award, nor unless brought within a year after the loss. There was no arbitration, and suit was not begun within a year from the loss. The defendants claim that the action is defeated by a failure of the plaintiff to perform the conditions expressed in the policy. The plaintiff claims that he has performed them, or that they were suspended or waived by the defendants.

*Frink*, for the plaintiff.

*Barnard*, for the defendants.

ALLEN, J. The omission of the plaintiff to state truly his title to the property insured was not wilful and fraudulent, and did not avoid the policy. Gen. St., *c.* 157, *s.* 2 ; *Tuck* v. *Hartford F. I. Co.*, 56 N. H. 326. The defendants' agent, at the time the insurance was written, had knowledge of the true state of the title, and this was a waiver by the defendants of the condition in the policy making a misstatement of title a ground of forfeiture. Gen. St., *c.* 157, *s.* 3 ; *Patten* v. *Ins. Co.*, 40 N. H. 375 ; *Marshall* v. *Ins. Co.*, 27 N. H. 157 ; *Campbell* v. *Ins. Co.*, 37 N. H. 35.

The over-valuation, under oath, of the property destroyed, was so grossly disproportioned to the actual value, that it could not have been honestly made if any care or attention had been given to the subject. The affidavit in proof of the plaintiff's loss was made without any reasonable grounds for belief in its truth. Having the means at hand for making a true estimate, the plaintiff wilfully ignored them, and made a false one. He stated that to be true, in his belief, which he did not know to be true, and which he had no reasonable ground for believing to be true. Such a representation is fraudulent. Kerr on Fraud and Mistake 54, 55 ; *Stone* v. *Denny*, 4 Met. 151 ; *Harding* v. *Randall*, 15 Me. 332. Although there was no positive intent to defraud the defendants, the false estimate was designed for the defendants to act upon as true, and tended to produce the same mischief that would result from actual fraud and wilful falsehood. Ignorance of what the plaintiff was bound to know was not innocence, and gross negligence in a matter so grave was a positive wrong. 2 Pars. Con. 785. In an over-valuation, such as was made in this case, so grossly out of proportion to the actual value of the property, the plaintiff is not entitled to immunity from the charge of fraud. *Wall* v. *Howard Ins. Co.*, 51 Me. 32.

A stipulation in a policy of insurance, limiting the time within which a suit may be brought, is valid, and binding on the assured. *Patrick* v. *Ins. Co.*, 43 N. H. 621. The limitation in this case is coupled with a condition requiring arbitration if differences arise on the question of amount of loss, and that no suit shall be brought until after an award. Whatever construction may be placed on such an agreement, it defeats itself. Either party is at liberty to defeat the arbitration by refusing

to join in the choice of arbitrators, by revocation after choice, and, in various ways, by preventing an award within the year. If the differences between the parties are not on the question of loss, there can be no arbitration and award, and consequently no suit. Such a condition, providing no certain and fixed mode of securing arbitration, is an attempt to oust the court of its jurisdiction, and is void. *Trott* v. *City Insurance Co.*, 1 Cliff. 439; May on Insurance 593. This is not the case of a void condition, leaving the limitation of time as an independent stipulation. The right to bring a suit at all is made dependent on the agreement for arbitration, and the one year's limitation is compounded with and embodied in it. If the agreement never to bring a suit until after an award on the question of loss is void, an agreement depending upon that, not to bring an action after the lapse of a year, must also be void.

*Case discharged.*

DOE, C. J., did not sit.