EASTMAN, *Adm'r*, *v.* THE PROVIDENT MUTUAL RELIEF ASSO-
CIATION.

Equity will so reform a written contract as to make it express the inten-
tion of the parties, although their mistake was one of law.

One who adopts an act done in his behalf by another without authority is
chargeable with such other knowledge of all material facts.

BILL IN EQUITY, to reform a certificate of membership issued
by the defendants to Gigar, the plaintiff's intestate, by making it
payable to the plaintiff. Facts found by the court.

May 31, 1880, Gigar purchased a certificate of membership
wherein the defendants agreed to pay as a benefit, upon due notice
of his death and a surrender of the certificate, a sum not exceeding
$2,000, " to such person or persons as he may by entry on the
record-book of the association or on the face of this certificate
direct the sum to be paid, provided he is in good standing when he
dies." He died in good standing April 8, 1882, and due proof of
his death was made. He did not, by entry on the record-book or
on the face of the certificate, direct the benefit to be paid to any
one. He made his application for the certificate to Rogers, who
was the defendants' clerk and one of three trustees authorized by
the by-laws to approve applications. In answer to Rogers's inquiry
to whom the benefit should be paid at his decease, Gigar asked
what would be the effect if it was not made in terms payable to
anybody. Rogers replied that it would go to his administrator as
a part of his estate. Gigar said that was just what he wanted,
and but for this information of Rogers would have made an entry
on the record-book or certificate making the benefit payable to his
administrator. The plaintiff had no knowledge of what took
place between Rogers and Gigar until about the time this bill was
filed. The declared object of the association is " to secure to de-
pendent and loved ones assistance and relief at the death of a
member." The defendants contend, among other things, that the
suit is barred by the judgment at law between the same parties,
reported 62 N. H. 555.

*Sanborn & Hardy*, for the plaintiff.

*Daniel Barnard* (with whom was *S. B. Page*), for the defend-
ants.

CARPENTER, J. In receiving the application, Rogers represented
the defendants. Both parties intended to make the benefit paya-
ble to Gigar's administrator. That it was not made payable to
him was due to their mutual misapprehension of the legal effect of
the language used in the certificate. *Eastman* v. *Association*, 62
N. H. 555. Equity requires an amendment of the writing that
will make the contract what the parties supposed it was and

intended it should be, although their mistake is one of law and not of fact.  *Kennard* v. *George*, 44 N. H. 440, 446 ; *Leach* v. *Noyes*, 45 N. H. 364, 367 ; *Brown* v. *Glines*, 42 N. H. 160 ; *McCone* v. *Courser*, 64 N. H. 506, 508 ; *Northrop* v. *Graves*, 19 Conn. 548 ; *Stedwell* v. *Anderson*, 21 Conn. 139 ; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 31 Conn. 517, 529.

If Rogers had in fact no authority to receive the application, the result is the same.  By issuing the certificate the defendants ratified his action in taking the application.  They received the benefit resulting from the payment by Gigar of his admission fees and assessments.  They cannot adopt the part of Rogers's doings beneficial to them, and reject the rest.  With the benefit they must accept the burden.  They are chargeable with knowledge of Rogers's representations and with notice of all material facts known to him.  *Hovey* v. *Blanchard*, 13 N. H. 145, 149 ; *Beckwith* v. *Baxter*, 3 N. H. 67.

A certificate may properly be made payable to a member's administrator.  Such an appointment is not inconsistent with the declared object of the association.  It may be that by making it so payable a member can as effectually as otherwise secure assistance and relief to his beneficiary.  His creditors may be the persons for whom he wishes to provide.

Whether the judgment at law, rendered long before the plaintiff discovered the facts upon which his present claim for relief is founded, is a bar to this action (*Sanger* v. *Wood*, 3 Johns. Ch. 416, *Washburn* v. *Great Western Ins. Co.*, 114 Mass. 175), is a question which need not be determined.  The judgment may be vacated upon the plaintiff's motion in the trial court, and thereupon there will be a

*Decree for the plaintiff.*

CLARK and BLODGETT, JJ., did not sit: the others concurred.