PERRY *v.* DWELLING-HOUSE INSURANCE CO.

On the question whether one person was at a certain time the agent of another, evidence of the previous course of dealing between them is competent.

A proposition does not become a contract until the maker or his agent has been notified of its acceptance.

If an application for a policy of insurance is made in this state to an agent of the insurers, and is sent by the agent to their office in another state, and the policy is there made and sent to the agent for delivery and by him delivered to the insured in this state, the latter having no previous notice of the acceptance of his application, the contract of insurance is to be regarded as made in this state, and is subject to the provisions of the statutes of this state.

The statute (G. L., c. 172, s. 3) providing that "If any company shall issue any policy, upon an application prepared by a third person assuming to act as their agent or otherwise, they shall be affected by his knowledge of any facts relating to the property insured as if they were stated in the application," is, in its application to one who is actually an agent, merely declaratory of the common law.

Although a policy of insurance provides that no act or omission of the insurers, or of their officers or agents, shall be a waiver of strict compliance with the terms and conditions of the policy or an extension of time for compliance, unless in express terms and in writing signed by the president or secretary, the insurers may nevertheless be estopped from taking the objection that the insured had not furnished proofs of a loss in the form and within the time prescribed by the policy if an officer of the insurers, though not their president or secretary, has received informal proofs of the loss within the time prescribed, and informed the insured that he would be notified if they were not sufficient, and the insured furnished formal proofs after the expiration of the time stipulated in the policy, but immediately after learning that the insurers objected to the proofs previously furnished.

The addressing of proofs of a loss to another insurance company, instead of to the insurers, is immaterial, if the insurers received the proofs and understood that they were intended as proofs of a loss under their policy.

On a policy of insurance made payable in case of loss to a mortgagee to the extent of her mortgage debt, an action in the name of the party insured may be maintained for the whole loss.

ASSUMPSIT, by George E. Perry against the Dwelling-House Insurance Co., upon a policy of insurance. Trial by jury. Verdict for the plaintiff. The home office of the defendants was in Boston, Massachusetts. George M. Stevens & Son, insurance agents at Lancaster, New Hampshire, prepared the application and sent it to the defendants' home office, from which they subsequently received the policy, delivered it to the plaintiff, and collected the premium. The application disclosed a mortgage in favor of Mary Simpson, and the policy provided for the payment of the loss, if any, to her as mortgagee. There was a second mortgage, in favor of James Berry, which was not noted in the application or in the policy; but there was evidence that the plaintiff, when he made the application, informed Stevens & Son that Berry had a mortgage and had told him to pay no attention to it, and the defendants made no claim that the plaintiff failed to have the existence of the Berry mortgage noted in the application and policy by reason of fraud. Stevens & Son filled out the application. The holder of the Berry mortgage testified that she did not propose to claim any of the insurance money. The policy provided that the company should not be liable to pay more than the actual cash value of the interest of the assured, after deducting the amount of encumbrances, unless it was made specifically payable, in whole or in part, to a mortgagee or encumbrancer, and in the latter case the amount of the encumbrance should not be deducted. It further provided that it should be absolutely void if there was any lien whatever except as stated in writing therein. It also provided that a claimant should forthwith give written notice of a loss and within thirty days furnish proofs thereof, and specified what such proofs should contain. There was also a provision that no act or omission of the defendants, their officers or agents, should be a waiver of strict compliance with the terms and conditions of the policy, or an extension of time for compliance, unless in express terms and in writing signed by the president or secretary. The plaintiff notified Stevens & Son of the loss on the day after it occurred, and they at once notified the defendants. Some days later, one Melchert, the defendants' superintendent of agencies and adjuster, called on the plaintiff by the defendants' direction to investigate the loss. The plaintiff gave Melchert a list of the articles of personal property lost, so far as he could remember them, with the value of each article, according to his judgment. There was no serious controversy between them about items of loss or damage. The plaintiff testified that Melchert said he would carry the list to the defendants, and presumed that everything would be all right, but could not say cer-

tainly, as he was nothing but an agent; that Melchert said nothing about proofs of loss; and that he himself had no understanding about further proofs. Melchert gave a somewhat different account of this conversation. When the thirty days had nearly or quite expired, the plaintiff learned through Stevens & Son that the defendants claimed that no proofs of loss had been furnished; and he made and sent to the defendants, a few days after the expiration of the thirty days, a proof of loss, to which no objection was made at the trial except that it was made too late, and that it was made upon a blank of another company and purported to be addressed to that company, although it described the policy in suit. The remaining evidence, so far as material to an understanding of the decision, is stated in the opinion of the court.

Several special questions were submitted to the jury. To the question whether Stevens & Son prepared and forwarded the application, delivered the policy, and collected the premium, by authority of the defendants and as their agents, the answer was that they did. To the question where the contract of insurance was completed, whether in Massachusetts or in New Hampshire, the answer was that it was completed in New Hampshire. To the question whether the plaintiff informed Stevens & Son of the Berry mortgage at the time of the application, the answer was that he did. To the question whether the defendants, within the thirty days after the loss, made such representations to the plaintiff, or so conducted in respect to proofs of loss, that the plaintiff understood therefrom, and had good reason to understand, that no proofs of loss other than such as he furnished to the defendants within said thirty days would be required of him unless the defendants should notify him that they desired other or further proofs, the answer was in the affirmative, as also to the question whether the plaintiff relied upon such representations and conduct, and in consequence thereof omitted to furnish the formal proof of his loss within thirty days after it occurred.

With respect to the last two questions, the court, after instructing the jury as to their meaning, explained their bearing as follows: "Perhaps it may be interesting for you to know the way in which these questions of fact bear upon the case. If the defendants did make representations to the plaintiff, giving him to understand that the information he had furnished was satisfactory unless some further information was called for, they are not at liberty, as we sometimes say, to go back on those representations. If they were allowed now to withdraw them, and to insist upon strict compliance with the letter of their original contract, you will see that such course would do a great wrong to the plaintiff, provided you answer this question in the affirmative. If you answer it in the negative, of course such wrong would not be done." The defendants excepted to this part of the charge.

The jury further found, in answer to special questions, that

the proof was furnished within a reasonable time after the plaintiff was informed that the defendants would require formal proof, and that the defendants understood they were intended by the plaintiff to be the proof of his loss under the policy in suit.

At the close of the plaintiff's evidence, the defendants moved for a nonsuit because there were two mortgages, when the plaintiff represented in the application that there was only one; because no written notice of the loss was given; because the formal proof was not furnished within thirty days, and the proof subsequently furnished did not purport to be for the defendants; because the plaintiff is not entitled to recover for Mary Simpson's interest; because the plaintiff is not entitled to recover for any interest in the buildings represented by the Berry mortgage. The motion was denied, and the defendants excepted. At the close of the evidence, the defendants moved for judgment on the same grounds on which they had moved for a nonsuit, and also on the ground that there was no waiver of proof of loss within the terms of the policy. The motion was denied, and the defendants excepted. The defendants also excepted to the special questions, on the ground that there was no competent evidence bearing on them. The court ruled that upon the facts the plaintiff was entitled to recover, and directed the jury to return a general verdict for the plaintiff for the amount of damages to which he was entitled under the policy, which they did; and the defendants moved to set aside this verdict for errors in the foregoing rulings.

*Drew & Jordan, William P. Buckley,* and *Bingham & Bingham,* for the plaintiff.

*Everett Fletcher* (*Ossian Ray* with him), for the defendants.

CARPENTER, J. On the question of agency, the defendants' previous course of dealing with Stevens & Son was competent evidence. *Kent* v. *Tyson,* 20 N. H. 121; *State* v. *Foster,* 23 N. H. 348, 353; *Prescott* v. *Flinn,* 9 Bing. 19. It is established by the verdict that Stevens & Son, in preparing and forwarding the application, in delivering the policy to the plaintiff and receiving the premium, were the defendants' agents. The defendants approved the application, executed a policy, and sent it to Stevens & Son with instructions, express or implied, to deliver it to the plaintiff and collect the premium. There was no evidence that prior to its delivery the plaintiff had notice by mail or otherwise that his application for insurance was accepted. Upon these facts the contract was made, and concluded by the delivery and acceptance of the policy,—not because of its delivery, but because until that moment the plaintiff had no notice of the acceptance of his application. Prior to that time the plaintiff was at liberty to revoke his application, and the defendants to withdraw their acceptance

and countermand their instructions for the delivery of the policy. A proposition does not become a contract until the maker or his agent is notified of its acceptance. *Beckwith* v. *Cheever*, 21 N. H. 41; *Stebbins* v. *Lancashire Ins. Co.*, 60 N. H. 65, 70; *Dickinson* v. *Dodd*, 2 Ch. Div. 463.

It being determined that Stevens & Son were the defendants' agents, there was no evidence tending to show that the contract was made in Massachusetts: it is therefore not necessary to consider whether the court erred in instructing the jury, or in denying the instructions requested on the question whether the contract was completed in that state or in New Hampshire. The validity, construction, and effect of the contract, and the rights of the parties under it, are to be determined by the laws of this state. "Chapter 172 of the General Laws shall be a part of every contract of insurance to which said chapter is applicable, and said chapter and this act shall be plainly printed in every such contract. No waiver of any part of said chapter or of this act shall be set up by the insurer, and any stipulation of the contract in conflict with this act shall be void." Laws 1879, *c.* 13, *s.* 1. Chapter 172, as amended, provides among other things that "No policy of insurance shall be avoided by reason of mistake or misrepresentation, unless it appears to have been intentionally and fraudulently made;" that "all statements of description or value in an application or policy of insurance are representations and not warranties; erroneous descriptions or statements of value or title by the insured do not prevent his recovering on his policy unless the jury find that the difference between the property as described and as it really existed contributed to the loss or materially increased the risk, . . . nor shall any misrepresentation of the title or interest of the insured in the whole or a part of the property insured, real or personal, unless material or fraudulent, prevent his recovering on his policy to the extent of his insurable interest;" that "If any company shall issue any policy upon an application prepared by a third person assuming to act as their agent or otherwise, they shall be affected by his knowledge of any facts relating to the property insured as if they were stated in the application." G. L., *c.* 172, *ss.* 2, 3; Laws 1885, *c.* 73, *s.* 1.

By the statute, the plaintiff's agreement that his statements in the application "shall be deemed and taken to be promissory warranties," and that the defendants "shall not be bound by any act done or statement made by or to any agent or other person which is not contained in the application," is made invalid: it has no legal effect. The jury found that the plaintiff at the time of the application informed Stevens & Son of the Berry mortgage. The defendants are chargeable under the statute, and would be if there were no statute, with their agents' knowledge of its existence as if the fact were stated in the application. The statute is in this respect merely declaratory of the common law. *Marshall* v.

*Columbian Insurance Co.,* 27 N. H. 157; *Campbell* v. *Merchants and Farmers' Insurance Co.,* 37 N. H. 35; *Clark* v. *Union Insurance Co.,* 40 N. H. 333; *Patten* v. *Merchants' Insurance Co.,* 40 N. H. 375, 381–383; *Leach* v. *Republic Insurance Co.,* 58 N. H. 245; *Eastman* v. *Provident Association,* 65 N. H. 176.

But the issue submitted to the jury, whether the plaintiff at the time of the application informed Stevens & Son of the mortgage, was immaterial. Had the jury found the other way on that question, the result would be the same. " The defendants made no claim that the plaintiff failed to have the existence of the Berry mortgage noted in the application and policy by reason of fraud," —in other words, they conceded that the omission was an innocent mistake. Under the statute, a policy is not avoided by such an error in the applicant's statement of his title. *Tuck* v. *Hartford Insurance Co.,* 56 N. H. 326, 331; *Leach* v. *Republic Insurance Co.,* 58 N. H. 245.

There was competent evidence tending to show that the defendants waived the proofs of loss required by the policy, and the question was properly submitted to the jury. The instructions given them were correct. To permit the defendants to avail themselves of the plaintiff's omission to make the proofs of loss which they had induced him to abstain from furnishing would do him a great wrong, and it was not improper so to inform the jury.

Although the policy was payable in case of loss to the mortgagee, Mary Simpson, to the extent of her mortgage debt, the action was properly brought in the name of the plaintiff. *Folsom* v. *Orient Insurance Co.,* 59 N. H. 54; *Hall* v. *Fire Association,* 64 N. H. 405.

*Judgment on the verdict.*

Chase, J., did not sit: the others concurred.