FRED A. COUTURE *v.* EDMOND G. HEBERT *& a.*

*F. Clyde Keefe,* for the plaintiff.

*McCabe & Fisher,* for the defendants.

BURQUE, J. The evidence discloses the following: Plaintiff testified that on April 16, 1941 Hebert, one of the defendants, told the plaintiff he was through. Whereupon the plaintiff said, in part, he had a contract with them (the defendants) for a year, that he would expect them to live up to it, and upon specific questioning as to the written notice provision in the contract, he said "I told him, 'you give me a notice in writing thirty days', otherwise I should hold them to the contract." Later he expressed it thus: "I said I had a contract with them and I would expect them to fulfill the contract. If they did not give me a thirty-days' notice in writing as per the contract it would be all right with me but in any event I would hold them to the contract." He testifies he understood he was through working for them from that day on. He did not at any time thereafter report for duty nor notify the defendants that he was ready and willing to fulfill his part of the contract. Defendants claim this amounts to a waiver of the clause in the contract that the defendants had the privilege of terminating the contract at any time by giving the plaintiff a thirty days' written notice to that effect, and by paying the plaintiff four weeks' salary. We do not have to pass on this issue, for the case is to be decided on another proposition of law that is determinative of the rights of the parties.

"It [a written notice] is merely the vehicle used . . . to transmit . . . information." *Bachman* v. *Insurance Co.,* 78 N. H. 100, 105. See also *Canney* v. *Insurance Co.,* 88 N. H. 325, 329; *Perry* v. *Insursurance Co.,* 67 N. H. 291, 293, 296.

"It is an old maxim of the law that it compels no man to do a useless act, and the principle was applied in the time of Coke, if not before, to the case of a conditional promise." 3 Williston, Contracts (Rev. *ed.*), *p.* 2008.

The oral notice in the instant case gave the plaintiff all the information he would have received had a written notice been given. He understood he was through, and acted accordingly. His conduct corroborates his understanding of what the oral notice meant. He was not prejudiced by failure to be given a written notice (*Mulhall* v. *Company,* 80 N. H. 194, 204), and consequently is not entitled to greater rights than if a written notice had been given. If the latter had been given, he would have been entitled to receive four weeks'

pay at the prevailing rate at the time, correctly found by the Court to be $25 per week and that is all he is entitled to receive now.

*Judgment for plaintiff for $100.*

All concurred.