Knowlton v. Homer.

---

ESTHER KNOWLTON *versus* JOHN C. HOMER.

Where two arbitrators are selected, who are to choose an umpire in case of disagreement, and such umpire is selected, but not in writing, and the parties acquiesce by submitting questions to the three, it is too late afterwards, to object to the competency of such umpire.

If it appear by the submission to have been the intention of the parties that a decision by a majority of the referees shall be binding, it is not necessary that the three shall sign the award.

Where two referees, after hearing the evidence, are unable to agree, and according to the submission, select a third person, who expresses no desire to hear the witnesses, but takes the testimony from the other referees, and neither of the parties express a wish that such third referee should hear the witnesses, an objection that he did not hear the testimony, cannot be taken to the award.

Where notice is given to the party against whom the award is made, and request for payment, this is a sufficient publication.

THIS was an action upon an award made under a common law submission.

*T. C. Woodman*, for defendant.

*Kent*, for plaintiff.

TENNEY, J. — On the disagreement of the two referees named in the submission, they were authorized to make selection of a third, and the three were to finally determine the suit. The evidence of both parties shows that the two appointed by the submission failed to make a decision, by reason of a disagreement, and they made choice of John Grant, Jr., as the third referee or umpire, but they made no writing as evidence of the selection. Grant entered upon his duties as a referee with the other two, both parties having knowledge thereof and interposing no objection to the choice made. The defendant acknowledged his authority to act under that appointment, by submitting questions to the three arbitrators afterwards. The appointment of Grant was acquiesced in by the defendant, and it is too late to object to the sufficiency or the competency of the evidence of his qualification to act. *Norton* v. *Savage*, 1 Fairf. 455.

It is insisted, that this suit cannot be maintained, because there was no such award as was required by the submission, it having been signed only by two of the three referees, and also because there was no hearing of the evidence from witnesses before the three. An agreement to submit a controversy to arbitration, must have effect according to the intention of the parties, exhibited in the submission, like any other contract. When it is agreed, that the decision of the arbitrators named shall be conclusive, it must be understood that unanimity was intended. But the parties may adopt their own form of contract, unless where they design to conform to the requirements of the statute, and to obtain an execution directly upon the award, by a submission before a justice of the peace. And if they intend that a concurrence in opinion of all the referees is not necessary to constitute a binding award, and that intention is apparent upon the submission, the decision of a majority is valid. This intention may be expressed in direct terms; but if it is not so expressed, but is clearly inferable, from the whole instrument, it is equally obligatory. It was agreed in this case to refer the suit between the parties and its cause, to Snowman and Curtis, "to hear and finally determine the same

HANCOCK, 1849.

if they can agree ;" and if not, they were authorized to select another referee, " and the three are to finally determine said suit." If from the words, " and the three are to finally determine said suit," alone, the question was to be settled, whether a majority could make an effectual award, the answer must be in the negative. But other parts of the contract qualify the meaning. The third referee was to be selected, and to act only in the event of a disagreement of the others ; and it cannot be regarded as the expectation of the parties, that if there was an insuperable difficulty in the way of an agreement by the two, who had heard all the evidence, seen the witnesses, heard the arguments of parties or their counsel, the third referee should be able so to overcome the objection of either of the others, as to remove entirely the occasion of making the choice of the third. The fair construction is, that after the board should, under the contract of submission, consist of three persons, that the award of a majority was such an award as the parties contemplated, and hence it is binding between them. *Batley* v. *Button*, 13 Johns. 187.

The submission provided, that the two referees chosen by the parties should " hear" and determine, &c. and if the selection of a third became necessary, the three " are finally to determine," &c. The contract does not make it the imperative duty of the three to hear the evidence, and it does not in express terms, dispense with the hearing. In this respect it is not perceived that there is any more or less occasion for a person brought in as a third referee to hear the whole case, as it was before presented, than if he were selected an umpire, with the peculiar duties appertaining to that appointment. In the case of the latter, it was held to be no good cause to set aside the award, that the umpire took the evidence from the arbitrators, instead of hearing the witnesses, there being no application, that the witnesses should be re-examined. *Hall* v. *Lawrence*, 4 T. R. 589. The case of *Falcony* v. *Montgomery*, 4 Dal. 232, is supposed to be at variance with the principle of that of *Hall* v. *Lawrence*. When the umpire or third referee is desirous of hearing the witnesses, it would per-

haps be unreasonable that it should not be done, unless the contrary was specially provided in the contract. And if both parties or one party was desirous that the third referee should hear the evidence as the others had done, such a course would be by no means improper. Much may be gained on seeing a witness, hearing his statements, and having opportunity to notice his manner of giving his testimony, and judging from his appearance, the degree of confidence, which his statements should reasonably produce in the mind. But if the new referee has no desire to hear the testimony from the witnesses, and neither of the parties express a wish that it should be done, but consent that the referee shall take the evidence from those who heard it, the right to make this objection by the losing party, is inadmissible; he must be considered as having waived that privilege, if under the submission he was entitled to its exercise, or was not precluded thereby. It is one of the plainest principles of law and of common sense, that when a party has voluntarily surrendered a right, which he could have asserted, he shall not avail himself of it afterwards, to the prejudice of his adversary.

There is evidence, which is not contradicted, that there was a full hearing before the two referees first selected; and that the parties said they had no further testimony to offer. After the choice of the third, he possessed himself of the facts, which had been before introduced from the report of the evidence of the other two referees, they not differing in regard to the facts stated by witnesses. It appears that the defendant was fully apprised of this course, and made no objection thereto, but after an adjournment of the meeting of the three, and at a subsequent meeting, the defendant expressed a desire to introduce further testimony, from a witness, whom he named. And two of the referees testified, that on inquiry why he had not introduced that witness at the trial, he replied, he supposed he would swear for the plaintiff, as he had pledged himself to do so, but afterwards he went and settled a difficulty between the witness and himself, and he expected he would swear for him. By the testimony of the other referee, called

by the defendant, after the third had been chosen and had examined the report of the evidence táken by the others without objection, the defendant wished the opportunity of introducing further testimony, without the witness stating what the evidence was expected to be. It is very apparent that the parties, by their conduct, had no expectation or desire that the witnesses who had been examined should themselves re-state their testimony. And the objection comes too late to be valid. The defendant had opportunity to introduce all testimony, which the two referees thought competent; when the board consisted of the three, he waived the right, if he had it, to have the witnesses re-examined. He was no more entitled after this waiver to the opportunity of having the case opened for the introduction of new evidence, than in an ordinary case before referees, all selected by the parties, when the evidence is closed, and the matter is postponed for advisement. The evidence which the defendant wished to introduce, was not newly discovered in the legal sense of the term, but was that which was expected to be obtained from one, who had been hostile to the defendant, and who was expected by him to be ready to testify against him, but on a reconciliation, after the evidence was closed, he was supposed to be ready to give testimony favorable to him.

The case shows nothing indicative of a prejudice in the minds of the referees, who sign the award, against the defendant, or of an unwillingness to give him every reasonable means to make his defence.

It is objected, that the award was not published. In *Musselbrook* v. *Dunkin*, 9 Bing. 605, the Court say, that the word "published," when applied to an award of arbitrators, "is satisfied by the award's having been made, and notice having been given to the parties, that it is within their reach on payment of just and reasonable expenses." And in *McArthur* v. *Campbell*, 5 Barn. & Adol. 518, it was held, that an award is published, when the arbitrator gives the parties notice that it may be had on the payment of his charges, whether they be reasonable or not.

In June, 1846, the award was made, and delivered to the

plaintiff; the same was carried by her agent for that purpose, to the defendant, who was notified thereof, and requested to make payment of the amount, which he declined to do, saying he had not been fairly dealt by, and should have a re-hearing. This was all the publication which was useful to the defendant, or which was required by law.

According to the agreement, of the parties, the defendant is to be defaulted.

Damages, the amount of the award, and interest from the time of the demand of its payment.