CHANDOS, Administrator, and another, Respondents, vs. AMERICAN FIRE INSURANCE COMPANY OF PHILADELPHIA, Appellant.

*January 10 — January 31, 1893.*

*Insurance against fire: Arbitration and award: Appraisal: Omission of property: Appointment of umpire by appraisers: Impartiality: Rights of mortgagee to whom insurance is payable.*

1. The decision of arbitrators or appraisers chosen pursuant to an insurance policy to determine the amount of a loss, as to what particular articles or items of property are embraced within the general description of the property insured, is final and conclusive.

2. Certain items were not included in the schedule submitted to such appraisers by the insured, and were not claimed before the appraisers to be included in the policy or loss, and there was nothing to suggest them in the general description of the property. *Held,* that the insured cannot complain that they were not included in the appraisement or award.

3. A mortgagee to whom the insurance is made payable "as her interest may appear" is bound by the appraisement or award, although she was not a party to and had no notice of the proceedings.

4. A policy provided that the two appraisers chosen by the parties should "*first* select an umpire to act with them in case of their disagreement," and that the award of any two should be binding. The written submission signed by the parties provided that "in case of disagreement the said appraisers shall select a third, who shall act with them in matters of difference only." The appraisers first chosen agreed upon the award. *Held*, that such award is not invalidated by their failure first to appoint an umpire.

5. The fact that appraisers chosen by the insurance company agreed in every particular with those chosen by the assured, is sufficient to dispose of an objection by the assured that the former did not act impartially.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon a policy of insurance against fire. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiffs.

For the appellant there were briefs by *Mylrea, Marchetti & Bird*, attorneys, and *Gabe Bouck*, of counsel, and the cause was argued orally by *Gabe Bouck* and *W. H. Mylrea*. They argued, among other things, that the only effect of the words "loss, if any, payable to mortgagee as his interest may appear" is to provide to whom the loss is payable, and such mortgagee does not thereby become a party to the contract. It is the interest of the mortgagor, not that of the mortgagee, which is insured; and in case of a breach of condition by the mortgagor the mortgagee cannot recover. *Pupke v. Resolute Ins. Co.* 17 Wis. 382; *Gillett v. Liverpool & L. & G. Ins. Co.* 73 id. 203; *Bates v. Equitable Ins. Co.* 10 Wall. 33; *Grosvenor v. Atlantic F. Ins. Co.* 17 N. Y. 391; *Perry v. Lorillard F. Ins. Co.* 61 id. 214; *Loring v. Manufacturers' Ins. Co.* 8 Gray, 28; *Franklin Sav. Inst. v. Cent. Mut. F. Ins. Co.* 119 Mass. 240; *Smith v. Union Ins. Co.* 120 id. 90; *Fitchburg Sav. Bank v. Amazon Ins. Co.* 125 id. 431; *Brunswick Sav. Inst. v. Comm. U. Ins. Co.* 68 Me. 313; *Baldwin v. Phœnix Ins. Co.* 10 Ins. L. J. 320; *Nevins v. Rockingham Mut. F. Ins. Co.* 25 N. H.

22; *Blanchard v. Atlantic Mut. F. Ins. Co.* 33 N. H. 9. The decision of arbitrators of the facts and the law is conclusive,— that is to say, if in this case the arbitrators erred in their judgment that the policy did not cover stoves, bridge, or tramway, the assured is bound thereby. *Shephard v. Watrous*, 3 Caines, 166; *Mitchell v. Bush*, 7 Cow. 185; *Boston W. P. Co. v. Gray*, 6 Met. 131; Morse, Arb. & Award, 293; Russell, Award, 293; *Burchell v. Marsh*, 17 How. 344; *York & C. R. Co. v. Myers*, 18 id. 246; *Liverpool & L. & G. Ins. Co. v. Goehring*, 99 Pa. St. 13; *Smith v. Brandon K. & P. Co.* 52 Vt. 469; *Morse v. Bishop*, 55 id. 231; *Adams v. Ringo*, 79 Ky. 211; *Hartnell v. Penn F. Ins. Co.* 60 N. H. 293; *Truesdale v. Straw*, 58 id. 216; *Pierce v. Pierce*, 60 id. 355; *Shepardson v. Perkins*, 58 id. 355; *Am. Screw Co. v. Sheldon*, 12 R. I. 324; *Sherfy v. Graham*, 72 Ill. 158; *Mitchell v. Curran*, 1 Mo. App. 453; *Portsmouth v. Norfolk Co.* 31 Gratt. (Va.), 727; *Forbes v. Turner*, 54 Ga. 252; *Beam v. Macomber*, 33 Mich. 127; *Halstead v. Seaman*, 52 How. Pr. 425; *Fudickar v. Guardian M. L. Ins. Co.* 62 N. Y. 302; *Masury v. Whiton*, 111 id. 679; *Goddard v. King*, 40 Minn. 164.

For the respondents there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*. They contended, *inter alia*, that valuable property covered by the policy was omitted from the award. The stoves and stove-pipes omitted were used for heating the mill, and it was not necessary that they should be specifically mentioned. Wood, Fire Ins. sec. 55. The bridge and tramway were both attached to the mill, and it would have been incomplete without them. A policy of insurance upon a building covers every part of it,— everything that in any measure forms an essential element of it. Wood, Fire Ins. sec. 55; *Home Mut. Ins. Co. v. Roe*, 71 Wis. 33. The omission of these items invalidates the award. *Barrows v. Sweet*, 143 Mass. 316; *Algona v. Lott's Creek*, 54 Iowa, 286; *Can-*

*field v. Watertown F. Ins. Co.* 55 Wis. 419, 426. The mortgagee should have had notice of the proceedings to appraise. In this court the mortgagee or assignee has always been given substantial rights and remedies corresponding with his interest in the property, after loss. *Hammel v. Queen Ins. Co.* 50 Wis. 240; *Manson v. Phœnix Ins. Co.* 64 id. 26; *Alkan v. N. H. Ins. Co.* 52 id. 136. Other courts have uniformly held that the mortgagee is not bound by the acts of the mortgagor after loss. *Brown v. Roger Williams Ins. Co.* 5 R. I 394; *Hall v. Fire Asso.* 64 N. H. 405; *Harrington v. Fitchburg M. F. Ins. Co.* 124 Mass. 126; *Browning v. Home Ins. Co.* 71 N. Y. 508; *Hathaway v. Orient Ins. Co.* 11 N. Y. Supp. 413. There was a substantial variance between the submission and the appraisement provided for in the policy; and the award was void because it did not conform to the provision in the policy. Morse, Arb. & Award, 243; *Alexander v. Cunningham,* 111 Ill. 511; *Adams v. N. Y. B. F. Ins. Co.* (Iowa), 51 N. W. Rep. 1149. The partiality of the appraisers selected by the insurance company, or the unconscionable disproportion of the awards to the true values, render the awards void. Morse, Arb. & Award, 106–9; *Strong v. Strong,* 9 Cush. 560, 12 id. 135; *Conrad v. Massasoit Ins. Co.* 4 Allen, 20; *Hills v. Home Ins. Co.* 129 Mass. 345; *Bradshaw v. Agricultural Ins. Co.* 62 Hun, 619; *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419; *Van Cortlandt v. Underhill,* 17 Johns. 405, 410, 416, 420; *Fetherstone v. Cooper,* 9 Ves. Jr. 67; *In re Plews,* 6 Ad. & El. N. S. 845; *Bishop v. Agricultural Ins. Co.* 9 N. Y. Supp. 350; R. S. sec. 3552.

ORTON, J. The facts sufficient to raise the questions of law on this appeal are substantially as follows:

The appellant company issued its policy of insurance on the property of Marian Bensley, deceased, hereinafter described, February 1, 1889, for one year, of $1,000. The

property was burned October 18, 1889. It was provided in the policy that "loss, if any, is payable to one Louisa W. L. Goff, as her mortgage interest may appear." The said Louisa held a mortgage on the property insured by assignment of $10,000 principal. Insurance in other companies of $40,000 permitted, and actual insurance in other companies taken, of $36,750, to contribute proportionably to the loss. The property insured, with amount of insurance on each class, is as follows: "$400 on the frame water power pulp mill, building and additions thereto, including flumes, situate detached, in Centralia, Wisconsin;" "$600 on fixed and movable machinery, millwright work, grindstones, shafting, gearing, belting, pulleys, force pumps, water pipes and connections, implements and tools therein." The jury found the loss or damage sustained to the first class of property to be $13,500, and to the second class $16,166; and the mortgage interest of said Louisa W. L. Goff in the premises insured, to be then $14,720. It will be seen that said mortgage interest was considerably less than the entire insurance. Judgment was entered for the plaintiff in the sum of $868.19, and the defendant has appealed therefrom. The jury found, also, that the value of a bridge leading to the mill, which was destroyed, was $625, and of a tramway near by was $500, and of stoves and pipes in the mill was $100, and the expenses of clearing away the debris of the machinery were $800.

The policy of insurance contains the following provision: "The amount of sound value and of damage to the property may be determined by mutual agreement between the company and the assured; or, if they fail to agree, the same shall then, at the written request of either party, be ascertained by an appraisal of each article of personal property, or by an estimate in detail if a building, by competent and impartial appraisers, one to be selected by each party, and the two so chosen shall first select an umpire to act with

Chandos and another vs. American Fire Ins. Co. of Philadelphia.

them in case of their disagreement, and if the said appraisers fail to agree, they shall refer their differences to such umpire; and the award of any two in writing, under oath, shall be binding and conclusive as to the amount of such loss or damage." The said *Chandos*, the administrator plaintiff in this action, was the general agent and attorney of the assured in obtaining the insurance and in attending to the matters of the loss. The assured and the company being unable to agree as to the damage and loss to the property by fire, the company, on the 30th day of October, 1889, demanded of the assured that such damage and loss be arbitrated and appraised according to the above provision of the policy, to which the assured then and there agreed; and thereupon they entered into a written agreement, signed by the assured by her attorney, the said *Chandos*, and by all the insurance companies which had insured said property, whereby they selected and appointed two appraisers to appraise the loss and damage to the property of the said first class, and two other appraisers to appraise the loss and damage to the property of the said second class. The said appraisers, after having made oath to appraise and estimate said loss and damage impartially, and to make a just and conscientious award, and that they were not related to either party, appraised the loss and damage to the property of the said first class at the sum of $7,250.43, and the loss and damage to the property of said second class at the sum of $10,092.50. The assured submitted to the appraisers a schedule of the property lost or damaged, and such schedule did not include the bridge or tramway, or the stoves and pipe, or the clearing away the debris of the machinery, and those items were not claimed before the appraisers to be included in the policy or loss, and the appraisers therefore did not consider them. The defendant company, before the time of answering, offered judgment to be taken against it for the sum of $503.70, the

amount claimed to be according to the appraisement, with interest thereon, together with the costs and disbursements of the action.

The plaintiff offered evidence tending to prove that the amount of the loss on the property in the said first class, was from $10,000 to $22,000; and on the property in the said second class was from $12,000 to $34,000, and the defendant relied upon said award of the appraisers. The circuit court held the award of the appraisers void, and did not consider it for the reason, as it is said, that the mortgagee never consented to the appointment of the appraisers, and was not represented in the matter of the appraisement in any way, and never consented thereto. The objections to the appraisement by the learned counsel of the respondent are: First, that the said items of the bridge, tramway, stoves and pipe, and debris, were not considered by the appraisers; second, that the mortgagee was not a party to the awards, and had no notice thereof; third, that the appraisement was not in compliance with the provisions of the policy in this: that the appraisers did not *first* appoint an umpire before acting; fourth, that the two appraisers selected by the company were not impartial. The learned counsel of the appellant contends that the appraisement was strictly according to the policy, and the awards are binding and conclusive as to the amount of such loss or damage, and that, therefore, the judgment should be reversed. The above objections will be considered in their order, as the only material questions in the case.

1. As to the omission from the award of the items named, it is not at all certain that they are embraced within the description of the property insured, and there is no evidence conclusive of the question. The schedule submitted by the assured to the appraisers did not contain these items, nor did the assured request the appraisers to appraise them, or call their attention to any such omission. If they ought

to have been specially considered by the appraisers, and were not, it was the fault of the assured, of which she ought not to complain. There is nothing in the description of the property that would embrace or suggest these items. The appraisers are presumed to have used their best judgment in ascertaining what particular articles or items of property were embraced within the words of general description, and their decision of the question is final and conclusive. *Mitchell v. Bush*, 7 Cow. 185; *Burchell v. Marsh*, 17 How. 349; Morse, Arb. 296; *Sharman v. Bell*, 5 Maule & S. 504; *Rundell v. La Fleur*, 6 Allen, 480; *Fudickar v. Guardian M. L. Ins. Co.* 62 N. Y. 392. In the great case of *Boston W. P. Co. v. Gray*, 6 Met. 131, Chief Justice Shaw said: "In general, arbitrators have full power to decide upon questions of law and fact, which directly or incidentally arise in considering and deciding the questions embraced in the submission. When not limited by the terms of the submission, they have authority to decide questions of law necessary to the decision of the matter submitted, because they are judges of the parties' own choosing." This objection is not sustained.

2. That the mortgagee was not a party to the appraisement, and had no notice of it, is an objection of much more importance. All of the insurance policies contain the same direction of "loss payable to Louisa W. L. Goff, the mortgagee, as her interest may appear." To determine whether she was entitled to all the insurance, all of the policies of insurance must be considered together as one policy, and at the time when the loss occurred, and not since it has been determined in this case whether the loss is less or more than the mortgage. To determine the question whether the mortgagee ought to have had notice of the appointment of the appraisers, and to have been a party to the appraisement, it is important to know whether at that time it appeared that she was entitled to the whole insur-

ance. Nearly all, if not all, the authorities cited by the learned counsel of the respondents, which hold that the mortgagee is the sole party in interest in the insurance, and must be represented in the arbitration or other adjustment of the loss, are cases where the direction is to pay the whole insurance to the mortgagee or other third person, who thereby becomes the *assignee* of the policy and the loss. In this case it could not be known what interest the mortgagee might have in the insurance, or what interest in her might appear. First, her interest was not commensurate with the insurance; second, it was not known what part, if any, of the mortgage would remain unpaid by the mortgagor. It was therefore uncertain what interest the mortgagee had, if any, in the insurance; and the assured, as the mortgagor, had at least the controlling interest in it. She was the owner of the property and of the equity of redemption in the mortgaged premises, and as much or more interested in paying the mortgage as or than the mortgagee in obtaining payment. It follows that in all cases where the language of direction is that the insurance should be paid to the mortgagee " as his interest may appear," the assured mortgagor remains the responsible party, or the party in interest, to control the insurance and the adjustment of the loss. This is the distinction, as I understand it, which divides the authorities on the question.

In *Brown v. Roger Williams Ins. Co.* 5 R. I. 394, cited by respondents' counsel, the direction was, " loss or damage payable to the mortgagee." It was held that this was an unconditional assignment of the policy and the loss, and that the assured, or mortgagor, had no interest in it, and that it made no difference whether the mortgage money was unpaid or not. It was therefore held that the mortgagee was entitled to control the adjustment of the loss, or any arbitration for that purpose. In *Hathaway v. Orient Ins. Co.* 11 N. Y. Supp. 413, the mortgagor agreed to have

the premises insured, and assign the policy to the mortgagee. He obtained the insurance, but did not so assign the policy to him. It was held that the mortgagee was entitled to all the insurance moneys, as an assignee, and must have notice of any adjustment of the loss. The cases cited in the opinion are cases of a full assignment of the policy; and the court held also that such cases did not conflict with those cited by the counsel on the other side, when the insurance money was payable to the mortgagee "as his interest might appear," or where there was not a full assignment of the policy.

In the case of *Hall v. Fire Asso.* 64 N. H. 405, the insurance was payable to the mortgagee "as her interest might appear." The assured brought the suit, and the defendant pleaded that he was concluded by an arbitration agreed upon. The court held that the assured in such a case had the right to sue alone, and that the rights of the mortgagee would be fully protected in that way, as if she had been joined in the action; and that the assured had the right to do anything within the contract, even to a breach of the conditions and forfeiture. But here the matters of the loss were submitted to referees by an agreement of the parties, and they adjusted them at a sum less than the mortgage debt. The question was whether the mortgagee was bound by such an award without her consent. It was held that she was not, because the policy did not provide for an arbitration. If it had so provided, the purport of the decision is that the mortgagee would have been bound. This case is not, therefore, an exception to the authorities cited on the other side, and is against the contention of the learned counsel of the respondent. This case is in accord with 2 Morse, Fire Ins. 1122, and *Martin v. Franklin F. Ins. Co.* 38 N. J. Law, 140: "That the mere designation of another, to whom the insurance is payable, does not alter the contract of insurance in the least. It is still the owner of the

property who is insured, and the continued validity of the policy is dependent upon the performance by him of the conditions embraced in it."

It is doubtful whether a case can be found that holds that anything less than a complete and unconditional assignment of the policy will take away the right of the assured to sue on it and to do any act in respect to the loss or its adjustment within the provisions of the contract, without consulting the person named in the policy to receive the money after the amount is determined. In all such cases the mortgagee may be said to have a conditional interest in the policy, and it may be proper for the assured to consult him in any adjustment of the loss, or even join him as a party plaintiff, as in *Winne v. Niagara F. Ins. Co.* 91 N. Y. 185; but it is neither imperative nor necessary. The owner of the premises has an insurable interest, and he is the assured and the only party to the contract, and personally bound by its conditions, and he has the power to do anything within the terms of the contract, with or without the consent of the mortgagee. 1 Wood, Fire Ins. § 299. Where there is a direction that the money be paid to the holder of a trust deed of the premises, the assured is the proper party to bring and control the suit. *Thatch v. Metropole Ins. Co.* 3 McCrary, 387. The interest of the mortgagor and mortgagee are not the same, but adverse; and if both are joined in the suit, or if they have equal power in the adjustment of the loss, they might disagree. The mortgagor has at least the right to be present when the amount due on the mortgage and the mortgagee's interest in the insurance moneys are determined. Irreconcilable conflict between them might occur. One or the other must have full control, not only of the adjustment of the loss, but of the action. The assured is the party named in the contract, and bound by it, and the one to whom the insurance company is bound; and in such a case as this the

authorities seem to agree that the assured is the only person to be consulted in determining the amount of the loss, and that he is the only party to bring and control the action. "In such case the contract is with the mortgagor, and for the insurance of his interest, and the interest of the mortgagee is not insured." The insurance money is due to the mortgagor, and when ascertained it is payable to the mortgagee. The mortgagor must bring the suit, and if he cannot recover the mortgagee could not. *Grosvenor v. Atlantic F. Ins. Co.* 17 N. Y. 391. To the same effect is *Perry v. Lorillard Ins. Co.* 61 N. Y. 214. The insurance is upon the property of the assured, and not on the interest of the mortgagee. The direction to pay the money to the mortgagee according to his interest is contingent on its recovery. *Brunswick Sav. Inst. v. Commercial U. Ins. Co.* 68 Me. 313. In a case like this the mortgagee is not the assignee of the policy, and his rights may be affected by, and subject to, the acts of the assured. *Loring v. Manufacturers' Ins. Co.* 8 Gray, 28. The same principles are held in *Franklin Sav. Inst. v. Central Mut. F. Ins. Co.* 119 Mass. 240; *Smith v. Union Ins. Co.* 120 Mass. 90; *Fitchburg Sav. Bank v. Amazon Ins. Co.* 125 Mass. 431.

This principle is well illustrated in *mutual* insurance. The action must be brought by the party to the policy who gave the premium note and is a member of the company, and not by the mortgagee. *Nevins v. Rockingham Mut. F. Ins. Co.* 25 N. H. 22; and the same in *Blanchard v. Atlantic Mut. F. Ins. Co.* 33 N. H. 9. In *Baldwin v. Phœnix Ins. Co.* 60 N. H. 164, the same principles are laid down as in *Loring v. Manufacturers' Ins. Co.* 8 Gray, 28. Where the loss is payable to another "as his interest may appear," it is not an assignment of the policy or a stipulation to pay to such person the whole loss; and he cannot, therefore, bring the suit. *Thatch v. Metropole Ins. Co.* 3 McCrary, 387.

Chandos and another vs. American Fire Ins. Co. of Philadelphia.

There are other authorities cited in appellant's brief to the same effect, to which reference may be had. I have continued this investigation (perhaps too long) because there has been some confusion, if not conflict, of the authorities, and a wide and candid difference of opinion between the eminent counsel in this case on this question.

It is claimed by the learned counsel of the appellant that this case is ruled by *Pupke v. Resolute F. Ins. Co.* 17 Wis. 379. In that case Wise & Co. were the assured, and after the fire they assigned their interest in the policy to the plaintiffs, with the consent of the company. On the trial the defendant company offered to prove that in the examination of the assured in relation to the loss, subsequent to the assignment, Wise & Co. presented false and altered bills of purchase, etc., to defraud the company; and the witness was asked what took place on said examination, in order to prove that the assured committed such a fraud in the proofs of loss as invalidated the policy. The circuit court sustained the objection, on the ground that, after the assignment of the policy, the assured could do nothing to defeat the policy. The same question was presented in other forms with the same ruling. This court held such ruling erroneous. Mr. Justice PAINE said in his opinion: " Such consent [of the company to the assignment] only authorizes the assignee to be substituted as payee in case a liability to pay accrues according to the terms and conditions of the policy. But if those terms and conditions are not complied with, then there is never any liability to pay anybody, and it is immaterial whether the violation occurs after or before the loss. If it be such violation as would defeat a recovery by the party originally insured, it must have like effect as against the assignee." The only reason why this decision is not in point is that it goes beyond the necessities of this case. Here there is no assignment of the policy. It, of course, follows from this

decision that, if the assured in such a case can, by his action after the assignment, defeat the policy, much more can he do anything authorized or required by the terms of the policy in this case, in the adjustment or arbitration of the loss, without the knowledge or consent of the mortgagee. This decision is also against that class of cases cited by the learned counsel of the respondents, in which the policy had been assigned, and in short leaves no authority or argument against the contention of the appellant. It may be somewhat difficult to reconcile the above case with *Appleton Iron Co. v. British Am. Assur. Co.* 46 Wis. 23; and *Hammel v. Queen Ins. Co.* 50 Wis. 240, where the mortgage debt is greater than the sum insured. But the conflict, if any, is more in the theory of such cases than in practical effect. The mortgagor or assured still remains the responsible party, and may by his acts of omission or commission invalidate the policy. Mr. Justice COLE, in the first of those cases, suggests that if the company in such case might declare the policy forfeited by reason of such acts of the mortgagor, good faith would require it to notify the mortgagee, to give him an opportunity to protect himself by other insurance. This gives force to the principle that the insured or mortgagor has full control over the insurance without regard to the mortgagee. I think we may properly say that the question involved in this case, as to the power or authority of the insured to enter into the arbitration without notice to the mortgagee, has been settled in these cases in favor of such power beyond controversy, and that is sufficient. The general principle established by the authorities and supported by reason is that in such a case as this the assured occupies the same relation to the insurance as the sole party to the contract in all respects except the payment of the money to the mortgagee as his interest may appear, as if there was no such clause in the policy. We must hold, therefore,

Chandos and another vs. American Fire Ins. Co. of Philadelphia.

that the assured had the right and power to enter into the appraisement or arbitration, according to the terms of the contract, without notice to the mortgagee and without his approval.

3. The omission of the appraisers to *first* appoint an umpire before they proceeded to appraise the loss does not invalidate their award. This objection, at first blush, would seem to be technical. The provision of the policy is that " the two [appraisers] so chosen shall *first* select an umpire to act with them in case of their disagreement, : . . and the award of any two in writing, under oath, shall be binding and conclusive," etc. Such third person is not strictly an umpire. An umpire acts alone in hearing the whole case *de novo* in case of disagreement of the arbitrators. He is a third arbitrator, to be called in to act with the others after disagreement, and then any two of them make the award. Morse, Arb. 241. I find no evidence in the record that the appraisers did not *first* appoint such a person. I may have overlooked the evidence. The report or award of the arbitrators is silent on the subject. May it not be presumed that they did appoint an umpire at the proper time, according to the policy? They are not required to report the fact, or to make the selection in writing. They may have *selected* an umpire and notified him of his selection, for anything that appears. It is the duty of the appraisers, and not of the parties, and if they neglected it it was not the fault of either party. If the parties are responsible for the omission, then they both waived it, being present and not requiring the appraisers to make the selection. In the submission they say that " in case of disagreement the said appraisers shall select a third, who shall act with them in matters of difference *only*." This is a waiver of record, and both parties ought to be estopped, and such is clearly the law. Where an umpire, strictly speaking, had been appointed and should

have acted alone, and he acts with the arbitrators and joins with them in making the award (a very material departure from the submission), the parties present consented to it and thereby waived all objection to it.    Morse, Arb. 341; *Haven v. Winnisimmet Co.* 11 Allen, 377; *Mullins v. Arnold*, 4 Sneed (Tenn.), 262; *Butler v. Mayor of N. Y.* 1 Hill, 489; and other cases in note 2.    An umpire wrongly chosen by lot will not invalidate the award if the parties proceeded to a hearing before him with knowledge of the improper manner of his selection.  Morse, Arb. 243; *Graham v. Graham*, 12 Pa. St. 128.    This was a matter much more material than the *time* of his appointment, which is generally not material and merely directory.    The parties proceeding before an umpire improperly appointed by the arbitrators waive all objection to his appointment.  Morse, Arb. 246; *Knowlton v. Homer*, 30 Me. 552.    The time when an act is to be done, either by contract or by the law, is not essential when it may as well be done later.  *Hall v. Delaplaine*, 5 Wis. 206.    The umpire here can act only after disagreement of the arbitrators.    Until then an umpire is not necessary.    He can act as well, and with the same effect, if appointed when such a contingency occurs. The time, therefore, fixed in the contract, is not essential or material.    There is only one case to be found in which it is held that this omission to appoint an umpire before the arbitrators entered upon their duties in such a case invalidated the award.    That case is *Adams v. New York B. F. Ins. Co.* 51 N. W. Rep. (Iowa), 1149.    The opinion is very brief, and covers other questions also, and to this point it cites no authority and gives no reason.    We cannot follow such an authority to set aside an award of arbitrators for such a merely technical omission.

4. The objection that the two arbitrators selected by the company were not impartial is not supported by any evidence whatever, and the court refused to submit any such

issue to the jury. The fact that these two appraisers, agreed with the two selected by the assured in every particular is sufficient evidence that they alone were not partial or corrupt, and that their award is just and fair.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment on and according to the award of the appraisers.

A note on the effect of settlement between insurer and mortgagor upon rights of mortgagee to whom loss is made payable as his interest may appear, is published with this case in 19 L. R. A. 321.— REP.

