### LUNDBLADE v. CONTINENTAL INS. CO.
#### No. 5721.

District Court, N. D. California, N. D.
Oct. 6, 1947.

796

Arthur W. Hill and Arthur W. Hill, Jr., both of Eureka, Cal., for plaintiff.

H. A. Thornton and Evans M. Taylor, both of San Francisco, Cal., for defendant.

LEMMON, District Judge.

Under the conditions contained in a policy of insurance issued by defendant to the plaintiff the limit of liability for loss at any one location is $10,000. The policy insured plaintiffs against loss from fire to their "machinery and equipment usual to sawmill operations". In the event of failure to agree as to the amount of loss the policy provides that "the same shall be ascertained by two competent and disinterested appraisers, the assured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately the sound valuation and damage, and failing to agree shall submit their difference to the umpire; and the award in writing of any two shall determine the amount of loss; the parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expense of the appraisal and umpire."

Loss occurred through a fire. The parties were unable to agree as to the amount of loss primarily because of controversy as to whether or not certain equipment that was damaged was such as was "usual to saw mill operations" within the wording of the policy. The matter was submitted to appraisers and umpire under the terms and conditions of the policy and an award was made by the appraisers in which the damage at one location was fixed at $8,135.53

and at the other location at $100, being a total of $8,235.53.

Further controversy ensued, defendants maintaining that little, if any, of the property contained in the award was properly saw mill equipment. Plaintiffs on the other hand contended that it should include not only the equipment set forth in the award but in addition the value of an edger.

I conclude that the evidence preponderates in favor of the interpretation of the insuring clause to include the items which the appraisers determined to be embraced thereunder and upon which the appraisers placed their values. This conclusion is fortified by the rule of construction against the insurer.

Plaintiffs, prior to the submission of the disagreement to the arbitrators, informed defendant that they made no claim for damage to the edger. It appears conclusively that plaintiff Lundblade had informed defendant that the edger should not be included in determining the total amount of damage caused by the fire. Lundblade now asserts that this statement was made because he expected the loss, excluding that to the edger, would exceed the limit of the policy. Whatever may have promoted him to so state, no reason was given defendant, and defendant was entitled to infer, as it did in fact conclude, that plaintiffs conceded the edger was not covered. Depending upon this statement defendant made no attempt to ascertain the extent of the loss to that machine. Later and also before the arbitration, plaintiff sold parts of the edger, and those parts were moved away and were not thereafter available to either defendant or the arbitrators. Mr. Gladhill, one of the appraisers, testified that he saw the frame of the edger and that there was not enough of this machine there "to give an appraisement on". The duty of the appraisers under the terms of the policy was to "estimate and appraise the loss". The insured by their own act frustrated the appraisal of the edger. The award of the appraisers was required to be coextensive with the duty. That duty included decision upon both the law and the facts. Their exclusion of the edger may only be changed if grounds specified in Sections 1287 and

1288 of the California Code of Civil Procedure are shown to exist. Gross error or mistake prejudicing substantially the rights of a party is such a ground. "A mistake which will justify a rejection of an arbiter's decision is not a mere error in judgment, but, on the contrary, it must amount to actual or constructive fraud." Kinkle v. Fruit Growers Supply Co., 63 Cal.App.2d 102 at page 108, 146 P.2d 8, 10.

Applying the rule to the facts in this case there is ample evidence to sustain the award. The statement by the plaintiffs that the edger was not being considered as a part of the machinery damaged is a waiver by them of their right to have the edger included in the matters to be considered by the arbitrators. "Arbitrators are not bound to award on principles of dry law, but may decide on the principles of equity and good conscience, and make their award ex aequo et bono." Muldrow v. Norris, 2 Cal. 74, at page 77, 56 Am.Dec. 313; In re Connor, 128 Cal. 279, 60 P. 862. It is reasonable to assume that since there is no contention that the arbitrators acted in bad faith, that they took the plaintiffs at their word and reasonably excluded the edger from their consideration.

There would be no doubt if the plaintiffs had wrongfully prevented completion of the entire award that the partial award would be upheld. They would not be allowed to benefit by their own wrong. 5 C.J. § 349; 6 C.J.S., Arbitration and Award, § 81; Hegan v. Beckley, 32 Ky. 349, 105 S.W. 969. To the same effect is plaintiff's waiver in this case.

In addition the sale by plaintiffs of portions of the machine was a further indication that they did not intend the edger to be considered by the appraisers. The insurance company is entitled to have the appraisers view and consider all items in reaching their award. To allow the insured to remove and sell parts of the property would violate and nullify the provision in the contract for arbitration. New

York Underwriters' Fire Ins. Co. v. Malham & Co., 8 Cir., 25 F.2d 415.

It is axiomatic that the law favors arbitration and that it will be afforded every presumption of validity. The parties having acted under and in conformance with the provisions contained in the policy of insurance by appointing appraisers and to whom the matter of the loss was submitted, they should be bound by the determination of their arbitrators. The award is binding as there is no claim made that it resulted from fraud, partiality, misfeasance or palpable mistake resulting in injustice. Wabash R. Co. v. American Refrigerator Transit Co., 8 Cir., 7 F.2d 335, at page 351.

There being no showing that the award was either grossly inadequate or grossly in excess the court may not set aside an award and substitute its judgment for that of the arbitrators. Fireman's Fund Ins. Co. v. Flint Hosiery Mills, Inc., 4 Cir., 74 F.2d 533, 104 A.L.R. 556; Ætna Ins. Co. v. Hefferlin, 9 Cir., 260 F. 695. It is not necessary that findings be prepared by the appraisers. In re Connor, supra. They are presumed to have used their best judgment in ascertaining what particular articles or items of property were embraced within the conditions of general description, and their decision of the question is final and conclusive, since there is no showing of gross error or mistake. Chandos v. American Fire Ins. Co. of Philadelphia, 84 Wis. 184, 54 N.W. 390, 19 L.R.A. 321. To the contrary there is ample evidence to support the omission of the edger from the award by waiver and estoppel and to sustain it in the form presented by the appraisers.

Therefore, it is ordered that judgment be entered in favor of plaintiff for the sum of $8,135.53 for the loss sustained at the first location and for $100 for the loss sustained at the second location, being a total of $8,235.53. It is further ordered that findings of fact and conclusions of law be prepared in accordance with local Rule 5.