HARTFORD FIRE INS. CO. v. JOHN DAVENPORT ET AL.

*Insurance—Forfeiture—Parties to action on Policy.*

An insurance policy contained a clause of forfeiture, for vacancy of the premises. The applicant, before taking it, told the insurance agent that he expected to leave his house vacant a year or more, and was informed it would make no difference. During the vacancy the place was burned. *Held* that the company was not estopped from relying on the clause of forfeiture.

The conduct of an insurer, knowing the facts, may be such as to estop him from insisting on the conditions of a policy, or indicate a waiver of them, when it is inconsistent with any intent to rely on them.

The acceptance of an insurance policy concludes the bargain with the insurer and excludes any parol promises for the future inconsistent with it.

A parol variance from a contract bears no resemblance to a waiver of a condition after it has become binding on the parties.

Persons named in an insurance policy as payees to the extent of a partial interest only, such as mortgagees of part of the property insured, are not thereby entitled to sue on the policy.

There can be no splitting of causes of action on a single insurance policy. Whoever sues must be able to enforce the whole of it.

The person to whom and for whose benefit an insurance policy is issued and in whose name it stands, is its legal owner.

An insurance company might be protected in paying to those who are designated as payees in a policy, being mortgagees of part of the property insured, on the ground that they are equitable appointees, but they cannot be treated as trustees for the benefit of the insured.

Error to Van Buren. Submitted Oct. 30. Decided Nov. 1.

ASSUMPSIT on an insurance policy. The facts are in the opinion.

*Arthur Brown* for plaintiff in error. No one can be a party to the action except a party to the contract, *Litchfield v. Garratt,* 10 Mich., 426; *Pipp v. Reynolds,* 20 Mich., 92;

*Mellen v. Whipple,* 1 Gray, 322; *Turner v. McCarty,* 22 Mich., 265; where money due on an insurance policy is made payable to a mortgagee of property insured, he cannot sue for it, but the action must be brought in the name of the persons obtaining the insurance, *Ætna Ins. Co. v. Johnson,* 11 Bush., 587; *Van Buren v. St. Joseph County Village F. I. Co.,* 28 Mich., 404. No action can be maintained on a policy made void by violation of the condition against leaving the premises vacant, *Ashworth v. Builders Ins. Co.,* 112 Mass., 422; *Keith v. Quincy Mut. F. I. Co.,* 10 Allen, 228; and evidence cannot be given as to what the local agent said before the policy was issued, *Hartford F. I. Co. v. Webster,* 69 Ill., 392; he could not waive the condition either before or after issuing the policy, *Security Ins. Co. v. Fay,* 22 Mich., 471; *Amer. Ins. Co. v. Padfield,* 78 Ill., 167; *Simonton v. Liverpool Ins. Co.,* 51 Ga., 76.

*Richards & Mills* for defendants in error, supported the right of mortgagees of insured property, named in the policy as payees, to maintain suit on the policy, citing *Pitney v. Glen's Falls Ins. Co.,* 65 N. Y., 6; *Motley v. Mfrs'. Ins. Co.,* 29 Me., 337; *Ripley v. Ætna F. I. Co.,* 29 Barb., 552; *Cone v. Niagara F. Ins. Co.,* 60 N. Y., 619; *Clinton v. Hope Ins. Co.,* 45 N. Y., 454; *Ins. Co. v. Woodruff,* 2 Dutch., 541; *Turner v. Quincy Ins. Co.,* 109 Mass., 568; *Martin v. Franklin F. I. Co.,* 15 Amer. L. Reg., N. S., 229; *Patterson v. Triumph Ins. Co.,* 64 Me., 500; *Ripley v. Astor Ins. Co.,* 17 How. Pr., 444; *Grosvenor v. Atlantic F. I. Co.,* 17 N. Y., 399; *Ennis v Harmony Ins. Co.,* 3 Bosw., 516; *Williams v. Ocean Ins. Co.,* 2 Met., 306; *Barrett v. Union Ins. Co.,* 7 Cush., 175; *Newman v. Springfield F. & M. Ins. Co.,* 17 Minn., 123; *Lowell v. Middlesex F. I. Co.,* 8 Cush., 127; *Loring v. Mfrs' Ins. Co.,* 8 Gray, 28; *Wood v. Rutland F. I. Co.,* 31 Vt., 552; *Franklin v. Nat. Ins. Co.,* 43 Mo., 494; *Sanford v. Mechanics' M. F. I. Co.,* 12 Cush., 549; *Schemerhorn v. Vanderheyden,* 1 Johns., 139; *Felton v. Dickinson,* 10 Mass., 290; *Pacific Ins. Co. v. Catlett,* 4 Wend., 79; *Jessel v. Williamsburgh Ins. Co.,* 3 Hill., 88. A gen-

eral agent can bind an insurance company by a parol waiver of a condition forfeiting the policy in case the premises insured are left vacant, and estop the company from claiming that it is not bound, *Peoria M. & F. Ins. Co. v. Hall*, 12 Mich., 202; *Westchester Ins. Co. v. Earle*, 33 Mich., 143; *North Amer. F. I. Co. v. Throop*, 22 Mich., 146; *Pechner v. Phœnix Ins. Co.*, 65 N. Y., 195; *Gloucester Mfg. Co. v. Howard F. I. Co.*, 5 Gray, 497; *Brockelbank v. Sugrue*, 5 C. & P., 21; *Roberts v. Continental Ins. Co.*, 41 Wis., 321; *Hotchkiss v. Ins. Co.*, 5 Hun, 90; *Planters' Mut. Ins., Co. v. Lyons*, 38 Tex., 253; *Viele v. Ins. Co.*, 26 Ia., 56; *North Berwick Co. v. Ins. Co.*, 52 Me., 336; *Rathbone v. Ins. Co.*, 31 Conn., 193; *People's Ins. Co. v. Spencer*, 53 Penn. St., 353; *Winans v. Allemania F. I. Co.*, 38 Wis., 342; *Devine v. Home Ins. Co.*, 32 Wis., 471; *Commercial Ins. Co. v. Spankneble*, 52 Ill., 53; *Miner v. Phœnix Ins. Co.*, 27 Wis., 693; *Boehen v. Williamsburgh Ins. Co.*, 35 N. Y., 131; *Ins. Co. v. Wilkinson*, 13 Wal., 222; *Bouton v. Conn. Mut. L. I. Co.*, 25 Conn., 542; *Baubie v. Ætna Ins. Co.*, 2 Dill., 156; *Citizens Mut. F. I. Co. v. Sortwell*, 8 Allen, 217; *N. E. F. & M. Ins. Co. v. Schettler*, 38 Ill., 166; *Howard Ins. Co. v. Bruner*, 23 Penn. St., 50: *Franklin v. Atlantic Ins. Co.*, 42 Mo., 456; *Combs v. Hannibal Ins. Co.*, 43 Mo., 148; *McFarland v. Peabody Ins. Co.*, 6 W. Va., 425; May on Insurance, § 143; facts made known to a general agent for an insurance company before a policy is issued, are constructively known to the company and cannot be set up to defeat a recovery on the policy, *Beal v. Ins. Co.*, 16 Wis., 241; *Ames v. Ins. Co.* 14 N. Y., 253; *Columbia Ins. Co. v. Cooper*, 50 Penn. St., 331; *Campbell v. Merchants & F. Mut. Ins. Co.*, 37 N. H., 35; *Clark v. Union Mut. F. I. Co.*, 40 N. H., 333; *McEwen v. Montgomery County Ins. Co.*, 5 Hill, 101; May on Ins., § 132; *Bodine v. Exchange F. I. Co.*, 51 N. Y., 117; *Grady v. Amer. Cent. Ins. Co.*, 60 Mo., 116; *Ætna Ins. Co. v. Maguire*, 51 Ill., 342; *Rossiter v. Trafalgar Life Ass'n*, 27 Beav., 377; *United Life Ins. Co. v. Ins. Co. of N. America*, 42 Ind., 588.

CAMPBELL, J. The defendants in error brought suit upon a policy of insurance issued to one Headly and on the face of it appearing to be for different sums on five distinct buildings and upon furniture and other personal property also, the aggregate sums insured amounting to $2,500. The policy contained the following clause: "Payable in event of loss to the property on said farm premises to the executors of the estate of Ira Davenport as mortgagees, as their interest may appear." The mortgage was for $2,000 on real estate.

There was a condition which declared that "if the premises hereby insured shall become vacated by the removal of the owner or occupant, and so remain for a period of more than fifteen days, without notice to the company and consent endorsed hereon," it should become void.

The premises were burned, during such a vacancy, but evidence was received and acted on that before the issuing of the policy the insured had stated to the agent that he expected during the currency of the policy to leave his house vacant during a year or more, and was informed it would make no difference.

This is one of the errors assigned, and it is claimed in support of the ruling below, that the company is estopped from relying on this forfeiture.

We do not think the case is within any such principle. This court has held in several cases that there may be waivers or estoppels which do away with the written conditions of a policy by reason of the conduct of the insurerers inconsistent with reliance upon them. *Peoria M. and F. Ins. Co. v. Hall,* 12 Mich. 202; *Westchester Ins. Co. v. Earle,* 33 Mich., 144; *North American Fire Ins. Co. v. Throop,* 22 Mich., 147; *Aurora F. and M. Ins. Co. v. Kranich,* 36 Mich., 289.

These cases, so far as they apply at all, relate to a knowledge by the company of existing facts at the time of their action, when such action would not be consistent with any idea that they were to be discharged from liability by reason thereof.

But in this case the vacancy concerning which the parties conversed, if there was any such conversation, was one contemplated in the future, and the stipulation or understanding, if it amounted to anything, was an executory contract, intended to form a part of the contract of insurance.   This being so, the doctrine cannot be admitted that any part of the completed contract can rest in parol. The policy was the conclusion of the bargain, and its acceptance would exclude any parol promises inconsistent with it.   There is no resemblance between a parol variance of a written contract and a waiver of a condition after it has become binding on the parties.

It may also be suggested, although perhaps not very important, that the declaration sets out the contract as written and relies on it, and is not consistent with a claim to strike out a material condition.

We are also of opinion that the plaintiffs below showed no right to sue upon the contract.   The parties to this policy were Headly and the company.   *Van Buren v. St. Joseph County Village Insurance Co.*, 28 Mich., 404; *Clay Fire and Marine Ins. Co. v. Huron Salt and Lumber Man'g Co.*, 31 Mich., 346.   The policy was to insure his interest and not that of the mortgagees, and any money paid to them would enure to his benefit.   They hold no assignment of the policy and sue as original parties.

No one can dispute the right of parties to a contract to make money payable to a third person if they see fit. It is not important in this case to inquire whether if the policy before us gave the mortgagees an exclusive right to the whole insurance money they might not sue for it. In the present case the policy does not purport to do any such thing.   It covers property not included in the mortgage, and only provides for payment to them of the insurance money due upon the property with which they were concerned.   Upon the trial it appeared that other property was burned, and the court excluded them from recovering beyond their own share, and Headley lost his share of the money entirely.

Now there can be no splitting up of causes of action on a single policy. The party insured retained by the terms of the policy itself interests beyond the control of the mortgagees. Their interests were several and not joint. Under such circumstances it cannot be held that the mortgagees have any control of the policy which would authorize them to sue upon it. No doubt the company would be protected in paying them their share as equitable appointees, but they cannot be treated as trustees for Headly's benefit. He and not they must be held the legal owner of the policy, which stands in his name and was made for his benefit. No case has been cited and we cannot conceive that any will be found, which would justify us in holding the mortgagees having only a partial interest under an appointment in a policy authorized to assume its legal ownership. Whoever sues must be able to enforce the whole policy.

As this will probably dispose of the case, we need not consider the other points.

Judgment must be reversed with costs and a new trial granted.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.

---

### CORRECTION.

Page 544, par. 2, line 2—Read "will be *best* exercised."