WILLIAMSON, Respondent, vs. THE MICHIGAN FIRE AND MARINE INSURANCE COMPANY, Appellant.

86  393
104  402

*November 8 — November 28, 1893.*

*Insurance against fire: Loss payable to mortgagee: Assignment of policy: Who may maintain action?*

A provision in a policy of insurance against fire that the loss, if any, shall be payable first to a mortgagee or his assigns as his interest may appear, does not operate as an assignment of the policy, whether the mortgage debt be greater or less than amount of the insurance; and in case of a loss an action on the policy must be brought in the name of the insured, though the mortgagee, in respect to his interest, may be joined as a coplaintiff.

APPEAL from the County Court of *Winnebago* County. This action was brought to recover a loss which occurred under a policy of insurance issued by the defendant, April

7, 1891, to the estate of Jennie Stillwell. On the 2d day of August, 1883, Jennie Stillwell was the owner of the property insured, and on that day executed and delivered a note and mortgage securing the same on the premises in question to Jennie Perkins for $500, no part of which has been paid; and on the 4th day of April, 1891, the plaintiff became the owner of this note and mortgage. Prior to the date of the policy, Jennie Stillwell, the mortgagor, died, leaving one child, Jennie Stillwell, her sole heir at law and the owner of the premises. No administrator has ever been appointed on the estate of said Jennie Stillwell, deceased, but on the 7th day of April, 1891, the said policy of insurance was issued by the defendant company to "the estate of Jennie Stillwell," whereby it is claimed that the defendant did insure said estate of Jennie Stillwell, for the period therein stated, against loss or damage by fire, in the sum and to the amount of $400, on the one-story, frame, shingle-roof building, occupied as a dwelling house and millinery store, on lot 23, block 4, etc., in Neenah, Wis., "loss, if any, first payable to Jennie Perkins or assigns, as her mortgage interest may appear."

Plaintiff alleged in his complaint that as mortgagor, from and since the 4th day of April, 1891, he had an interest in the property so insured in an amount exceeding said insurance, to wit, in the sum of $500. The property thus insured was entirely destroyed by fire November 18, 1891, and the plaintiff brings this action for the recovery of the sum named in the policy. The defendant, in its answer, alleged, among other things, that the plaintiff had not at the time of the loss, nor at any time since, any title to or interest in the property in question, except jointly and individually with one Jennie Stillwell; that she was the owner in fee thereof, and that she had an interest in the property, the subject of the action, jointly with the plaintiff; and that she is still living and the heir at law of Jennie Stillwell, deceased.

Williamson vs. The Michigan Fire and Marine Ins. Co.

Upon trial before the court without a jury, the court held that the plaintiff had a right, upon these facts, to recover in his own name, and gave judgment accordingly, from which the defendant appealed.

For the appellant there was a brief by *Eaton & Weed*, and oral argument by *H. I. Weed*.

For the respondent there was a brief by *Thompsons, Harshaw & Davidson*, and oral argument by *J. C. Thompson*. To the point that the mortgage debt being greater than the amount of the insurance, the plaintiff might maintain the action alone in his own name, they cited *Hammel v. Queen Ins. Co.* 50 Wis. 240; *Appleton Iron Co. v. Brit. Am. Ass. Co.* 46 id. 23; *Maxcy v. N. H. F. Ins. Co.* 55 N. W. Rep. (Minn.), 1130; *Ill. Mut. F. Ins. Co. v. Fix*, 53 Ill. 151; *Weed v. L. & L. F. Ins. Co.* 116 N. Y. 106; *N. W. Mut. L. Ins. Co. v. German F. Ins. Co.* 40 Wis. 446; *Armstrong v. Agricultural Ins. Co.* 56 Hun, 399; *Hall v. Fire Asso.* 64 N. H. 405; *Crisman v. State Ins. Co.* 16 Oreg. 285; *Grosvenor v. Atlantic F. Ins. Co.* 17 N. Y. 391; May, Ins. sec. 449; *Kimball v. Noyes*, 17 Wis. 696; *Gillett v. L. & L. & G. Ins. Co.* 73 Wis. 203.

PINNEY, J. The plaintiff could not maintain an action upon the policy in question as sole plaintiff. The legal right of action was in the insured, and the provision in the policy, "loss, if any, first payable to Jennie Perkins or assigns, as her mortgage interest may appear," operated only as a conditional appointment or order to pay so much of the proceeds of the policy as might be equal to the amount due on the mortgage at the time of, and in the event of, a loss under it. It was not operative *in præsenti*, and the insured was still the owner of the policy. If the mortgage was paid before any loss occurred it could not become effective. These considerations serve to show that, whether the mortgage debt be greater or less than the amount of

the policy when written, such a provision in favor of a mortgagee does not operate as an assignment of the policy. It is still the owner of the premises who is insured, and the contract of the company is with him alone, and the continued validity of the policy is dependent upon the performance by him of the conditions embraced in it. It is not the interest of the mortgagee in the premises that is insured; and it seems clear, therefore, that an action for the recovery of the money in case of loss must be brought in the name of the insured, but that the mortgagee, in respect to his interest, may be joined with him as a coplaintiff. The recent cases of *Hodgson v. German Ins. Co.*, *ante*, p. 323, and *Chandos v. American F. Ins. Co.* 84 Wis. 184, are decisive of the question involved. 2 Wood, Ins. 1122; *Martin v. Franklin F. Ins. Co.* 38 N. J. Law, 140; *Hartford F. Ins. Co. v. Davenport*, 37 Mich. 613; *Warbasse v. Sussex Co. Mut. Ins. Co.* 42 N. J. Law, 206,— may be referred to in addition to the authorities cited in these cases.

It is not the interest of the mortgagee that is insured, but the interest of the mortgagor; and it seems illogical to say that whether such an appointment will operate as an assignment of the policy, if it can so operate at all, is dependent upon·whether the sum due on the mortgage is greater or less than the amount of the loss. The company says, in substance, to the insured: "In consideration of the stipulated premium, we insure *you* against loss by fire on the property described, in the sum of $400; and at your request, in case a loss occurs, we will pay it to J. P., to the extent that any sum may then remain due on his mortgage." This is clearly not an assignment of the policy so that in case of loss the mortgagee alone may sue and recover for it. It is no more than a conditional appointment or agreement for the future appropriation of all or a part of the moneys that may become due under the policy, according to future events, depending for its opera-

tion upon an actual loss and something remaining due on the mortgage. The case is not one of a defect of parties, but of a want of sufficient interest in the plaintiff to enable him to recover. The judgment of the county court is erroneous and must be reversed.

*By the Court.*— The judgment of the county court of Winnebago county is reversed, and the cause remanded for a new trial and with directions that the insured be properly made a party to the action.