## LEWIS AND GEORGIA DICKERMAN

v.

## VT. MUT. FIRE INS. CO.

## SAME v. UNION MUTUAL FIRE INS. CO.

OCTOBER TERM, 1894.

*Fire insurance.    Allegation of insurable interest.*

1. A declaration upon a policy of fire insurance must allege an insurable interest in the plaintiff both at the time of the issuing of the policy and the happening of the loss.
2. *Quere*, Whether this declaration sufficiently alleges that the loss was payable before the suit was begun.

Assumpsit upon a policy of fire insurance. Heard upon demurrer at the May term, 1894, Washington county, THOMPSON, J., presiding. Demurrer overruled and declaration adjudged sufficient. The defendant excepts. Exceptions passed to supreme court before trial.

*Senter & Kemp* and *Dillingham, Huse & Howland* for the defendant.

ʿThe declaration must aver an insurable interest. *Quarrier* v. *Peabody Life Ins. Co.,* 10 W. Va. 507 ; *Royal Ins. Co.* v. *Horton,* 14 Ins. L. J. 871 (Ky.) ; *Phœnix Ins. Co.* v. *Benton,* 87 Ind. 132 ; *Home Ins. Co.* v. *Duke,* 75 Ind. 535 ; *Ætna Ins. Co.* v. *Kettles,* 81 Ind. 96.

There is no allegation that proofs of loss have been made, and therefore it does not appear that the money is due. 2 Wood, Fire Ins., 1137 *et seq.* ; *Donahue* v. *Windsor Co. Mut. Ins. Co.,* 56 Vt. 374.

*D. C. Denison & Son* and *W. E. Johnson* for the plaintiff.

The count is sufficient. *Tripp & Bailey* v. *Vt. L. Ins. Co.,* 55 Vt. 100.

ˑ ROWELL, J.   The question in these cases being the same, they were heard together.

The statement in the counts demurred to, that the policies and applications are referred to and made a part thereof, does not, as is conceded, make those instruments a part of the counts.

It is essential to the sufficiency of the counts that they should allege an insurable interest in the plaintiffs at the time the policies were issued and also at the time of loss.

In respect to the time of issuing the policies, it is alleged that the defendants promised the plaintiffs to pay them certain sums of money named if *their* buildings, situate, etc., were destroyed by fire between certain dates.   It is doubtful whether this is a sufficiently definite and positive allegation of insurable interest.   The authorities differ about it, and it is not necessary to decide the question, for the counts are

bad for not alleging such interest at the time of loss, concerning which they contain no allegation whatever.

It is also doubtful, to say the least, whether it appears from either count that the money was due and payable when the suits were commenced. It is true that the promises as laid are, to pay if the buildings were destroyed, but it is not alleged that payment was to be made on the happening of that event, nor on notice of its happening, nor within a reasonable or other time thereafter, and one of the counts alleges no notice. But it is unnecessary to consider this point further, as the pleader can easily obviate this objection when he repleads.

*Judgment reversed, demurrers sustained, the counts adjudged insufficient, and causes remanded.*

Taft, J., being a member of one of the companies, did not sit.