LEANDER C. CARPENTER *vs.* ALMENA P. COOK, admx.

October Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON and THOMPSON, JJ.

Opinion filed November 30, 1898.

*V. S. 3573.*—The defendant is held liable under V. S. 3573 for damages done by her animals straying and taken upon occupied land of an adjoining owner, the division line between the properties being the middle line of a pent road, so that neither party was bound nor could have been permitted to maintain a fence upon the line.

*Adverse Occupation.*—The defendant did not gain a right to the plaintiff's part of the pent road by her acts of occupation, for they were not adverse but only the ordinary use of the land for highway purposes in common with the public.

*Prescriptive Right to Have Fence Maintained.*—It is not decided whether the defendant could in any event have acquired by prescription the right to have the plaintiff maintain a fence and closed gate upon his own premises, for in this case they had not been maintained continuously for fifteen years.

*This Case Distinguished.*—When this case was here before—67 Vt. 101—it was decided upon the pleadings, which showed that the pent road was wholly upon the land of one of the parties, so that it was then necessarily held that said statute, which now determines the case, did not apply; for as the case then stood the fence upon the margin of the road was the division fence, and the plaintiff by removing it was the author of his own injury.

TRESPASS on the free hold. Heard on referee's report, June term, 1898, Orange county, *Start*, J., presiding. Judgment for the defendant. The plaintiff excepted.

*John H. Watson* for the plaintiff.

*George F. Morris* for the defendant.

TAFT, J. The land of the plaintiff adjoins that of the defendant. The defendant's horses passed from her land across a pent road into the plaintiff's dooryard. The pent road is partly upon the land of each. The division line between the lands at the point in the road over which the horses passed, is substantially the center line of the road. The defendant has maintained no fence on her side of the pent road. The plaintiff has maintained a fence on his side, in which was a gate, adjoining his dooryard, for convenience in passing to and from his premises. At times the gate was closed and at other times open. At this point the fence maintained by the plaintiff is on the side of the pent road and wholly on his land. The division line between the lands being the center line of the highway, no fence can be maintained thereon. It would constitute a nuisance if erected. The case is governed by V. S. 3573, which reads:

"When the lands of two or more individuals are so situated that either is not compelled to make and maintain a fence on the dividing line between their lands, by reason of open or unoccupied lands or highways lying between, each owner or keeper shall be liable for the damages done on the occupied lands of others by an animal straying from his lands and being taken on such occupied lands."

The parties were not compelled to make and maintain a division fence between their lands, for the highway was lying between and the division line was the center of the highway. The defendant is liable, under the statute above recited, for damages done on the plaintiff's occupied land by her animals straying from her land and taken on that of the plaintiff.

The referee finds that the plaintiff has title to a part of the land within the limits of the pent road, substantially to the center, if he "has not become limited in his right by the acquiescence and acts of his grantors, or by his own acquiescence and acts." There is nothing in the report which has any tendency to show that the defendant has gained any right to the plaintiff's land. She could gain it only by adverse possession. She, nor her predecessors in title, never claimed it, and never occupied it except to use it as a highway in common with the public.

The fence which the plaintiff has at times maintained between his doorway and the pent road was wholly on his own land. The defendant claims that she is entitled by prescription to have the plaintiff maintain and keep up the fence and gate. Conceding that if the plaintiff had so kept and maintained this fence and gate for fifteen years continuously, the defendant would be entitled to the right by prescription to have it kept up and maintained thereafter, a question upon which we express no opinion, it does not appear that it was kept up and maintained except "at occasional intervals," "occasionally," and the referee finds the gate was open "much of the time during the year," and the report does not show that the fence was kept up for fifteen years prior to the fall of 1871. Therefore the defendant has no prescriptive right in regard to the fence and its maintenance.

The case when before us as reported in 67 Vt. 101, differs in all essential respects from this. Then it was heard upon the pleadings and the court treated it like a case, as in fact it was, where "the road is wholly on the land of one, but contiguous to the land of another," and held that the rights and obligations of the parties in respect to fences remained unaffected by the existence of the road, and this upon the ground that the occupancy by the owner of a field over which a pent road was laid should not be interfered with by the road any farther than was necessary for the reasonable

use of it as a pent road. The case then was one in which the pent road was wholly upon the land of one, but contiguous to that of another, and the dividing line between the land of the plaintiff and that of the defendant was the southerly line, of the pent road. It was held that the case was not within the statute,—V. S. 3573 above quoted.

This was clearly correct as the case then stood. The pent road then in question did not lie between the lands of the parties but wholly upon that of the defendant. As the case now stands, it appears that the road at the easterly end, lies between the lands of the plaintiff and the defendant, partly upon both, and is a case clearly within these words of the statute: "When the lands of two or more individuals are so situated that either is not compelled to make and maintain a fence on the dividing line between their lands by reason of . . . highways lying between," etc. Upon the first hearing it appeared that the fence between the plaintiff's dooryard and the pent road was a division fence, and that he tore it down and was thus the author of his own injury. He had no right to tear down a division fence, even if he was under no obligation to maintain it, and maintain trespass for the damage resulting therefrom.

The defendant has brought no exceptions before us.

*Judgment reversed and judgment for the plaintiff for two dollars damages and costs.*