## 11239.  EQUITABLE FIRE INSURANCE COMPANY v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

Where property is insured and a mortgage given by the insured (the owner) covering the same property, and to the policy is attached a "New York standard mortgagee clause," with loss, if any, payable to the mortgagee " as to the interest of the mortgagee only therein," the mortgage cannot, under the laws of Georgia, by virtue of that clause, main-

16

tain an action at law in its own name for a total loss under the policy when the amount of its debt is less than the amount of the insurance, even though it be alleged that the suit is brought with the consent of the insured and that the plaintiff is the appointee of the insured to collect the policy.

DECIDED JANUARY 28, 1921.

Action on insurance policy — city court of Sylvester. December 10, 1919.

The Equitable Fire Insurance Company issued to Mrs. M. E. Thornton a policy for $4,000, covering a certain building belonging to her, and attached to the policy a "New York standard mortgagee clause" making the loss, if any, payable to the Jefferson Standard Life Insurance Company. The property insured was totally destroyed by fire. The Jefferson Standard Life Insurance Company, the mortgagee, alleging that it was "suing in behalf of itself and of Mrs. Mary E. Thornton," brought suit on the policy. It was alleged that "petitioner's claim against Mrs. Mary E. Thornton, evidenced by its holding a deed of trust or mortgage, is for less than $4,000.00." (The bill of exceptions and the briefs of both sides fix the amount of indebtedness at $2,500.) It was also alleged that "the value of the property destroyed was more than $6,000, and, by reason of the total destruction of the same, Mrs. Mary E. Thornton is entitled to recover of the defendant, under the policy herein sued upon, the full face value of the same, with interest thereon," that proofs of loss and all other preliminary conditions imposed by the policy had been complied with, that more than sixty days had elapsed since the proof of loss was furnished, and that the refusal to pay the amount due on the policy was without good excuse and in bad faith, and the plaintiff was entitled to recover $1,000 for damages and $1,000 for attorney's fees. The prayer of the petition was that plaintiff "have judgment against the defendant for the principal, damages, interest, attorney's fees, and cost of court" By amendment the words quoted above, "suing in behalf of," were stricken, and the words "suing for the use of and in the right of" substituted therefor. The following paragraph was added by amendment: "The Jefferson Standard Life Insurance Company herein brings this suit in behalf of the said Mrs. Mary E. Thornton and for her use, for the full face value of said policy with interest thereon, damages

and attorney's fees, with the consent of the said Mrs. Mary E. Thornton, the Jefferson Standard Life Insurance Company herein being the appointee of the said Mrs. Mary E. Thornton, to collect the policy herein sued upon." A further amendment alleged that "the failure of defendant to pay is wilful and malicious, and done with a view and intent to injure and damage your petitioner, and to force petitioner into useless and unnecessary litigation." A general demurrer to the petition was overruled, and the defendant excepted.

*Smith, Hammond & Smith, Passmore & Forehand,* for plaintiff in error.

*G. R. Nottingham, E. E. Cox,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) We think the court erred in overruling the demurrer to the petition. The sole question is: Was the suit brought in the name of the proper party? In other words, where property is insured and a mortgage given by the insured and owner covering the same property, and to the policy is attached a "New York standard mortgagee clause," with loss, if any, payable to the mortgagee "as to the interest of the mortgagee only therein," can the mortgagee, under the laws of Georgia, by virtue of said clause maintain an action at law in its own name for a total loss under the policy when the amount of its debt is less than the amount of the insurance? To this we answer: No. The Civil Code (1910), § 5516, provides as follows: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." An insurance contract is no exception to this general rule. In *St. Paul Fire & Marine Insurance Co.* v. *Brunswick Grocery Co.,* 113 *Ga.* 786 (3) (39 S. E. 483), it was held: "An assignment of a policy of fire insurance must be in writing." See *Northwestern National Insurance Co.* v. *Southern States Phosphate & Fertilizer Co.,* 20 *Ga. App.* 507 (4 a) (93 S. E. 157), and cases cited. In *National Fire Insurance Co.* v. *Grace,* 106 *Ga.* 264 (32 S. E. 100), the Supreme Court held, that "in order to transfer the legal title to a policy of fire insurance from the person to whom the policy was issued to another, the assignment thereof must be in writing, and one other than

the person to whom it was issued can not, in his own name, maintain an action thereon, unless the policy has been duly assigned to him in writing." In *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381 (1) (45 S. E. 426), the Supreme Court said: "A suit on a policy of insurance must be brought in the name of the holder of the legal title. " In Hartford Fire Insurance Co. *v.* Davenport, 37 Mich. 609, it was held that "the person to whom and for whose benefit an insurance policy is issued, and in whose name it stands, is its legal owner." In the opinion in that case Justice Campbell said: "We are also of opinion that the plaintiffs below showed no right to sue upon the contract. The parties to this policy were Headly [the insured] and the company. Van Buren *v.* St. Joseph County Village Ins. Co., 28 Mich. 404; Clay Fire and Marine Ins. Co. *v.* Huron Salt and Lumber Mfg Co., 31 Mich. 346. The policy was to insure his interest and not that of the mortgagees, and any money paid to them would enure to his benefit. They hold no assignment of the policy and sue as original parties." In Thatch *v.* Metropole Insurance Co., 3 McCrary (U. S.), 387, "O. obtained from defendant insurance on certain premises, the policy containing this provision: 'Loss, if any, payable to T., as his interest may appear' — O. being at the time indebted to T., and this indebtedness being secured by trust deed upon the premises covered by the insurance. The premises were destroyed by fire, and T. filed his complaint, demanding judgment on the policy against the insurance company which issued it. Defendant demurred." It was held that "O., being the owner of the policy, is alone entitled to sue on it; T. has no right of action, and the complaint is bad no demurrer." See the same case in 11 Fed. 29. Among the many cases which hold that when a loss payable clause is attached to an insurance policy and a loss occurs the insured is the proper party to bring suit are the following: Minnock *v.* Eureka F. & M. Ins. Co., 90 Mich. 236 (1) (51 N. W. 367); Perry *v.* Dwelling House Ins. Co., 67 N. H. 292, 296 (33 Atl. 731, 39 Am. St. Rep. 906); St. Paul Fire Ins. Co. *v.* Johnson, 77 Ill. 598 (1); Williamson *v.* Michigan Ins. Co., 86 Wis. 396; (57 N. W. 46, 39 Am. St. R. 906); Martin *v.* Franklin Fire Ins. Co., 38 N. J. Law, 140 (20 Am. Rep. 372); Kane *v.* Hibernia Mutual Fire Ins. Co., 38 N. J. Law, 441 (20 Am. Rep. 409).

There was no transfer in writing from the assured to the plaintiff

of the policy sued on in the case sub judice. Attaching the loss payable clause thereto did not have that effect. *Northwestern National Insurance Co.* v. *Southern States Phosphate & Fertilizer Co.,* 20 *Ga. App.* 506 (2) (93 S. E. 157); *Hartford Fire Ins. Co.* v. *Liddell,* 130 *Ga.* 13 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. A. R. 157; Martin *v.* Franklin Fire Ins. Co., 38 N. J. Law, 140 (2) (20 Am. Rep. 372); Williamson *v.* Michigan Fire & Marine Ins. Co., 86 Wis. 393 (57 N. W. 46, 39 Am. St. Rep. 906). The legal title to the policy remained in the insured, and as long as this was true the Jefferson Standard Life Insurance Company could not maintain an action at law thereon in its own name, or for the use of, or for the benefit of, or as the appointee of the insured. This is true because " the plaintiff, having no right of action at all, cannot recover for his own benefit or for the use of another." *Wright* v. *Continental Insurance Co.,* 117 *Ga.* 499 (1) (43 S. E. 700). " To maintain a suit for the use of another, there must be a legal right of action in the party bringing the suit." *State of Georgia* v. *Bank of Quilman,* 117 *Ga.* 849 (45 S. E. 236). See also *Terrell* v. *Stevenson,* 97 *Ga.* 570 (1) (25 S. E. 352). The rulings in *Northwestern National Insurance Co.* v. *Southern States Phosphate & Fertilizer Co.,* supra, must be considered in the light of the facts of that case and the laws of the State, and, so considered, they are not authority for the position taken by counsel for the defendant in error, that this suit is properly brought because by amendment it is alleged that the suit is brought with the consent of the insured and that the plaintiff is the appointee of the insured to collect the policy. In that case it was distinctly ruled that " an assignment of such a contract must be in writing." What was said in reference to a " loss-payable clause" is obiter, because there was no such clause in the certificate or policy sued on. The plaintiff sued as the "legal holder" of the policy, and planted his right to recover distinctly upon the ground that the insured had " assigned and transferred by their written endorsement" the said policy. In *Hartford Fire Insurance Co.* v. *Amos,* 98 *Ga.* 533 (1) (25 S. E. 575), it was held: " Where an action was brought upon a policy of fire insurance by one other than the person to whom the policy was issued, the declaration alleging that the latter had ' for a valuable consideration transferred and assigned and delivered said policy of

insurance to petitioner,' and also setting forth a copy of the policy, upon which, however, there was no copy of any assignment or transfer to the plaintiff, grounds of demurrer alleging that it does not appear that the alleged transfer and assignment of said contract was in writing,' and that 'said alleged transfer and assignment is not set forth and declared on,' ought, in the absence of an offer to amend by averring that the assignment was in fact in writing and by setting forth the writing itself, to have been sustained." See page 534 (1), and cases cited.

Under the ordinary loss-payable clause the mortgagee has no greater rights than the insured so far as keeping the policy alive and valid, and should the insured violate any of the terms of the policy and thus invalidate it, the mortgagee could not recover, though in absolute ignorance of the conduct of the mortgagor, but under the "New York standard mortgagee clause" the mortgagee is not affected by any act or neglect of the mortgagor in violation of the conditions of the policy of which the mortgagee is ignorant. In construing this form (New York standard) this court, in *Southern States Fire & Casualty Co.* v. *Napier,* 22 *Ga. App.* 361-362 (2) (96 S. E. 15), held that "this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy even though the circumstances were such as would prevent a recovery by the mortgagor." Had the policy in this case been invalidated by reason of any act or neglect of the insured, and if under this policy she had no rights, then the mortgagee, whose interest is less than the amount of the policy, could have brought suit, not for the whole amount of the policy, but for the amount of its interest therein as shown by the amount due on the indebtedness to it. Such is not this case. The insured still has an interest in the policy, the title to which is still in her, but the suit is in the name of another, and for the full amount of the policy, and in addition thereto is for damages and attorney's fees. In *Trust Company of Georgia* v. *Scottish Union & National Insurance Co.,* 119 *Ga.* 672 (1) (46 S. E. 855), it was held that "a mortgagee may maintain an action at law, in his own name alone, for loss under an insurance policy payable to him as his interest may appear, when the amount of his debt exceeds or equals the value of the insurance,

and the mortgage embraces all of the insured property which was destroyed." In the decision in that case (p. 674) the Supreme Court said: " There was no ground for the objection that a splitting of the cause of action on the policy would result, as there was an allegation that the mortgage debt exceeded the amount due under the policy. " It is further true that in that case the mortgagor had nothing to do with obtaining the insurance, but that the policy was applied for by the receiver of the mortgagee and the premium paid by the receiver. The real effect of this was to insure only the interest of the mortgagee in the property. The ruling in that case will not be extended by this court.

After patient, prolonged, and diligent search in text books, encyclopedias, and reports, we find that in passing on the right to sue under insurance policies containing loss-payable clauses, the decisions of the courts of the several States are as different and divergent as the ingenuity of attorneys has found ways in which to bring suits where these clauses are involved. This is largely due to a difference of statutes of the several States and to the difference between the common law and code practice. Under the laws of Georgia we are convinced, as stated above, that the plaintiff had no right to maintain the action in this case, and that the court erred in overruling the demurrer to the petition.

*Judgment reversed. Broyles, C. J., concurs.*

LUKE, J., dissenting. I do not agree with the conclusion reached in this case. There are apparently some conflicts in the decisions, and perhaps if I looked no further than the letter of some of the decisions quoted to sustain the majority view, I might agree with it, but a careful consideration of these cases differentiates them from the case under consideration. The majority opinion in this case, in effect, sustains a general demurrer, which demurrer is upon the ground that the plaintiff can not maintain an action at all upon this policy, because it has no legal title. Indeed, the majority opinion holds that the legal title to the policy remained in the insured, and as long as this was true the Jefferson Life Insurance Company (the mortgagee) could not maintain an action at law thereon in its own name, or for the use of, or for the benefit of, or as the appointee of the insured. It will be seen from this that they base their opinion upon the fact that the mortgagee had no *legal title*. Perhaps so, but I can

not agree that the mortgagee has no right to maintain the action; for the Supreme Court, in *Trust Company of Georgia* v. *Scottish Union & National Insurance Co.,* 119 *Ga.* 672 (46 S. E. 855), held that where a mortgagee's debt equals or exceeds the value of the insurance, the mortgagee can sue in his own name; and in that case the mortgagee acquired its rights under a loss-payable clause, just as did the mortgagee in the instant case, and it had no more legal title than the mortgagee in the instant case, there being no assignment of the policy in either case. If suit may be maintained at all by the mortgagee, with the consent of the mortgagor, it may be maintained for the full face value of the policy. The plaintiff amended its petition and alleged that "the Jefferson Standard Life Insurance Company herein brings this suit *in behalf of* the said Mrs. Mary E. Thornton (the insured), and *for her use,* . . with the *consent* of the said Mrs. Mary E. Thornton, the Jefferson Standard Life Insurance Company herein being the *appointee* of the said Mrs. Mary E. Thornton to collect the policy herein sued on."

The writer thinks that the principle of law governing this case is announced by this court in *Northwestern National Insurance Co.* v. *Southern States Phosphate & Fertilizer Co.,* 20 *Ga. App.* 506 (2) (93 S. E. 157), where it is held that "in a policy of insurance, a loss-payable clause which contains a stipulation to pay a named mortgagee to the extent of his interest in the policy does not amount to an assignment of the policy, but is a provision merely that the mortgagee is an *appointee* to collect the insurance money due to the insured in case of loss, and the mortgagee must claim *in the right of the insured* and not in his own." The plaintiff in the instant case was an appointee and claimed in the right of the insured, as shown by the amendment above quoted. In fact, the case referred to and the case under consideration are almost parallel so far as this feature is concerned. See also *Hartford Fire Insurance Co.* v. *Liddell Co.,* 130 *Ga.* 13 (60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. Rep. 157). And in applying that case to the one under consideration it will be borne in mind that the plaintiff in the instant case had the *consent* of the insured, as shown by the amendment to the petition.

The judgment should, in my opinion, be affirmed.